LULU A. ORR *vs.* PRUDENTIAL INSURANCE COMPANY OF AMERICA.

Suffolk.    November 14, 1930. — January 12, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Insurance*, Life, Accident.

A foreign corporation lawfully conducting a life insurance business in this Commonwealth in 1924 issued upon the life of a man a policy of $10,000 to which was attached a "rider form" providing that the company in "addition to the insurance under the policy" "and subject to" its "provisions" would pay $10,000 upon due proof of accidental death "while there was no default in the payment of premium," and further provided, in print in "type smaller than long primer or ten-point type," that the provisions as to accidental death benefit "shall become null and void if any of the Non-forfeiture Provisions of said Policy shall be operative, and the Accidental Death Benefit or the extra premium hereinbefore mentioned shall not be included in determining any value or extension period under said provisions." A premium due on the policy on July 22, 1927, was not paid. The insured died because of an accident within the provision of the rider on December 10, 1927. In accordance with the nonforfeiture provisions of the policy, there was an automatic extended insurance for a period ending May 5, 1928. The insurer paid the death benefit of $10,000. The beneficiary under the policy sought to recover an additional $10,000 as the accidental death benefit. *Held*, that

(1) The policy was a life insurance policy, and the provisions of the rider for the payment of a larger sum if death was caused by accident were authorized by G. L. c. 175, § 24;

(2) The contract of insurance was not void in respect to the part printed in "type smaller than long primer or ten-point type," but

was enforceable to the extent of the right and obligation which would be created by the insurance contract if the statute in reference to the printing, G. L. c. 175, § 108, were not violated;

(3) There was nothing in the insurance law or in the terms of the contract of insurance which inhibited the provision of the "rider" that that part of the policy should be void in the event the non-forfeiture provisions of the policy were in force when the death occurred;

(4) The plaintiff was not entitled to recover the accidental death benefit.

CONTRACT upon a policy of insurance. Writ dated May 17, 1928.

In the Superior Court, the action was heard by *Donahue*, J., without a jury, upon an agreed statement of facts. He found for the defendant and reported the action for determination by this court.

The case was submitted on briefs.

*H. F. Wood*, for the plaintiff.

*C. T. Cottrell*, for the defendant.

PIERCE, J. This is an action of contract upon a policy of insurance on the life of the plaintiff's husband. It was heard in the Superior Court, by a judge without a jury, upon an agreed statement of facts, without other evidence, and after a finding for the defendant comes before this court on a report of the trial judge.

From the agreed statement it appears that the defendant is an insurance company organized under the laws of the State of New Jersey and, during the period hereafter mentioned, lawfully conducted a life insurance business in Massachusetts; that on July 22, 1924, it issued and delivered in Massachusetts an insurance policy for $10,000 on the life of David L. Orr, payable in the event of his death to Lulu A. Orr, the plaintiff.

A "rider form" was attached to and made a part of the policy. This "rider" stated the consideration for the additional agreement and provided in part as follows: "In addition to the insurance under the policy to which this rider is attached, and subject to the provisions of said Policy, the Company will pay at its Home Office, as an Accidental Death Benefit, — Ten Thousand — Dollars,

to the Beneficiary . . . under said Policy . . . immediately upon receipt of due proof [that such death occurred during the continuance of said Policy] while there was no default in the payment of premium, as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means . . . and that such death occurred within sixty days of the accident . . . . These provisions as to Accidental Death Benefit shall become null and void if any of the Non-forfeiture Provisions of said Policy shall be operative, and the Accidental Death Benefit or the extra premium hereinbefore mentioned shall not be included in determining any value or extension period under said provisions." The premiums were duly paid and the policy and "rider" were in force until July 22, 1927. On that date the premium due was not paid, and it has never been paid. In accordance with its terms the policy thereupon became "void" except as otherwise provided by the policy.

Thereafter in accordance with the nonforfeiture provisions of the policy, there was an automatic extended insurance for a period of two hundred eighty-eight days after July 22, 1927, or to May 5, 1928. On December 10, 1927, the assured was killed in a collision between an automobile and a truck. "His death was accidental within the meaning of, and occurred in accordance with the conditions specified in said rider." Proofs of accidental death were duly filed and after the beginning of this suit the defendant paid to the plaintiff the amount of the death benefit payable under the policy, said payment being made and accepted without prejudice to the rights and liabilities of the parties with respect to the accidental death benefit. "The plaintiff claims $10,000, the amount of the accidental death benefit specified in said rider and the defendant refuses to pay the same solely because said rider states that the accidental death benefit shall be payable pursuant to the following provisions: 'immediately upon receipt of due proof [that

such death occurred during the continuance of said Policy] while there was no default in the payment of premium . . . . These provisions as to Accidental Death Benefit shall become null and void if any of the Non-forfeiture Provisions of said Policy shall, be operative, and the Accidental Death Benefit or the extra premium hereinbefore mentioned shall not be included in determining any value or extension period under said provisions.' " These provisions are printed in the " rider " in " type smaller than long primer or ten-point type." The agreed statement " contains all the material facts," and " No questions of pleading are to be raised."

The trial judge ruled rightly that the policy was a life insurance policy, and the provisions of the rider for the payment of a larger sum if death was caused by accident were authorized by G. L. c. 175, § 24.

To the contention of the plaintiff that the stipulation in the rider, that these " provisions as to Accidental Death Benefit shall become null and void if any of the Non-forfeiture Provisions of said Policy shall be operative," is ineffective because contrary to that part of G. L. c. 175, § 108, which reads: " No policy of insurance against loss or damage from disease or by the bodily injury or death by accident of the insured shall be issued or delivered in the commonwealth: . . . (c) unless every part is plainly printed in type not smaller than long primer or ten point type," the trial judge ruled that this provision of § 108 was not applicable for the reason that the policy when issued and in force at the time of the death of the insured was a life policy according to legislative classification. G. L. c. 175, § 24. If we assume the quoted provision of § 108, see St. 1910, c. 493, § 1, should be read into a life policy when such a policy provides for the payment of a " larger sum if death is caused by accident," St. 1916, c. 135, now G. L. c. 175, § 24, we do not think the effect of the issuance of a life policy with a rider, similar in substance and form to the one annexed to the policy in this action, can be to destroy the

conditions upon which the rights and obligations of the assured and insurer respectively arise and depend, and thereby create a right in the assured which would not exist if the provisions as to the voidability of the death benefit insurance were printed in type not obnoxious to the terms of the statute. We think the contract of insurance was not void in respect to the part so printed, but was enforceable to the extent of the right and obligation which would be created by the insurance contract if the statute in reference to the printing were not violated. *Harwood* v. *Security Mutual Life Ins. Co.* 263 Mass. 341, 348.

Apart from the alleged violation of G. L. c. 175, § 108, the plaintiff contends that the provision of the "rider," to the effect that the accidental death benefit shall not be paid if default has occurred in the payment of premiums or if the nonforfeiture provisions of the policy are in force, violates the provision of G. L. c. 175, § 144, which gives the insured after default in the payment of premiums the right to an extended term of insurance for the face amount of the policy, for the reason that policy and rider together form a single contract, as the trial judge ruled, and for the further reason that the rider if operative cuts down the automatic extended insurance to less than the face of the policy. This contention manifestly is based upon the further contentions which the plaintiff makes that the full amount of the insurance is $20,000 — $10,000 death benefit and $10,000 accidental death benefit; that if any premium be not paid when due the policy shall be void except, without any action on the part of the insured, the policy shall be in force as a nonparticipating paid-up policy for the full amount. While neither the death benefit nor the accidental death benefit was ever in force alone, we think it plain that there is nothing in the insurance law or in the terms of the contract of insurance which inhibits the provision of the "rider" that that part of the policy shall be void in the event the nonforfeiture provisions of the policy

were in force when the death occurred.   Nor do we think that this result could not follow upon the happening of such event because the defendant did not cause to be inserted in the "rider" a provision to the effect that the automatic extended insurance put in force upon default in the payment of premiums should be $10,000 and should not include any accidental death benefit; or that it should contain a proviso that in the event of conflict between the policy and "rider" the provisions of the latter should prevail.   Without further consideration of the extended argument of the plaintiff, we think there was no error in the rulings or refusals to rule of the trial judge.

In accordance with the terms of the report, judgment is to be entered for the defendant on the finding.

*So ordered.*