SCHANZENBACK, Respondent, v. AMERICAN LIFE INSUR-ANCE CO., Appellant.

(237 N. W. 737.)

(File No. 6734. Opinion filed July 27, 1931.)

*Bailey & Voorhees* and *T. M. Bailey,* all of Sioux Falls (*Fred H. Aldrich* and *George E. Leonard,* both of Detroit, Mich., of counsel), for Appellant.

*O'Keeffe & Stephens,* of Pierre, for Respondent.

PER CURIAM. This action was commenced to recover on a policy of life insurance. The policy was issued on the 3d day of August, 1912. The insured died on the 14th day of February, 1917. This action was not commenced until the 27th day of September, 1926. This was nearly ten years after the death of the insured, and the defendant, among other defenses, pleaded the statute of limitations. The policy contains the provision that:

"No action shall be maintained on this policy unless brought within six years from the time that the beneficiary or claimant shall have knowledge of the death of the insured."

Plaintiff had knowledge of the death of the insured at the time that such death occurred, and the defendant now claims that under the above provision in the policy and the statute of limitations the action was barred. Plaintiff excuses her long delay in bringing the action on the ground that she did not know of the existence of the policy until the expiration of the six-year period fixed by the statute of limitations; that therefore it was impossible for her to make proof of death and commence the action, and that for that reason the action is not barred. No general verdict was submitted to the jury, but the question "Had the plaintiff any knowledge of the existence of the policy in suit prior to the 15th day of February, 1923?" was submitted to the jury and was answered "No." On receipt of this special verdict, the court made findings of fact and conclusions of law in favor of plaintiff, and entered judgment accordingly. From this judgment, and an order denying defendant's motion for a new trial, defendant appeals.

Was the cause of action barred? The action was not commenced within the time limited by the policy, namely, within six years after the death of insured was known to the beneficiary. Nor within six years after the cause of action accrued, the limit fixed by statute [Rev. Code 1919, § 2298], unless, as respondent contends, the cause of action did not accrue under the terms of the policy until proof of death had been furnished to the company. Appellant argues that the proof of death is a part of the remedy,

and that the cause of action accrued upon the death of insured. Irrespective of who may be right, both agree that proof of death must be made within a reasonable time after death where, as in this case, the policy does not fix a time limit. It certainly cannot be seriously contended that nine years after death is a reasonable time in which to make proof of death, nor that three years is. It is plain that more than six years elapsed after a reasonable time to make proof of death before this action was commenced, unless the peculiar circumstances render the delay of more than nine years reasonable.

Respondent says her lack of knowledge of the existence of the policy is such a circumstance, and proof is within a reasonable time if made promptly upon discovery of the policy. She cites several authorities to sustain her position. McElroy v. John Hancock Mutual Life Insurance Co., 88 Md. 137, 41 A. 112, 71 Am. St. Rep. 400; Munz v. Standard Life & Accident Ins. Co., 26 Utah 69, 72 P. 182, 62 L. R. A. 488, 99 Am. St. Rep. 830; Metropolitan Life Ins. Co. v. People's Trust Co., 177 Ind. 578, 98 N. E. 513, 41 L. R. A. (N. S.) 285; Trippe v. Provident Fund Soc., 140 N. Y. 23, 35 N. E. 316, 22 L. R. A. 432, 37 Am. St. Rep. 529; Cady v. Fidelity, etc., Co., 134 Wis. 323, 113 N. W. 967, 969, 17 L. R. A. (N. S.) 260. Other cases are cited as are also text writers and 14 R. C. L. 1420, § 582, and 37 C. J. 969, § 350. But the cases cited, as well as the brief of respondent where there are quotations, qualify the broad statement that want of knowledge will excuse by adding that the lack of knowledge must be without negligence or fault of the party seeking to be excused. If the facts are such that respondent ought to have known, she cannot be excused simply because she did not know. We must accept the verdict of the jury that she did not know, but that does not meet the issue. The undisputed facts overwhelmingly show that she ought to have known. There is no pretext that appellant was guilty of any fraud or concealment. Respondent's strongest proof justifying her ignorance is that she could not read, but she was surrounded by immediate relatives who could read. The policy was at all times after her husband's death in her possession, that is, it was not lost or hidden. It was in a bureau drawer in general use with other papers, where she herself kept a policy of her own, and her married son kept a policy of his. True, it is claimed the

drawer contained a jumble of old canceled checks, photos, and other papers of little or no value and was seldom resorted to, but we think she was bound to know if she had anything of value therein, and that she was guilty of negligence in not knowing.

We therefore conclude that whether the cause of action accrued upon the death of assured, or not until a reasonable time thereafter allotted for making proof of death, it accrued much more than six years prior to the commencement of this action and the cause was barred.

Since the action is barred by the unexcused delays on the part of the plaintiff and by the statute of limitations, it is not necessary to consider the other propositions submitted by the appellant.

The judgment and order appealed from are reversed.

POLLEY, P. J., and CAMPBELL, ROBERTS, WARREN, and RUDOLPH, JJ., concur.