# ROSE M. JOYCE v. NEW YORK LIFE INSURANCE COMPANY.[1]

## No. 29,597.

### November 3, 1933.

[1]Reported in 250 N. W. 674, 252 N. W. 427.

*Doherty, Rumble, Bunn & Butler* and *William Mitchell,* for appellant.

*William W. Fink,* for respondent.

AFTER REARGUMENT.

Order reversed.

*Doherty, Rumble, Bunn & Butler* and *William Mitchell,* for appellant.

*William W. Fink,* for respondent.

*Kellogg, Morgan, Chase, Carter & Headley,* in behalf of Equitable Life Assurance Society of the United States; *Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *George W. Jansen,* in behalf of Prudential Insurance Company of America; *Snyder, Gale & Richards,* in behalf of Metropolitan Life Insurance Company; *Doherty, Rumble, Bunn & Butler* and *E. A. Roberts,* in behalf of Mutual Life Insurance Company of New York; and *Orr, Stark, Kidder & Freeman,* amici curiae, filed separate briefs in support of appellant's petition for reargument.

*S. B. Wilson, Raymond N. Klass,* and *John P. J. Dolan,* amici curiae, filed a brief in behalf of respondent in opposition to appellant's petition for reargument.

*LORING, Justice.*

This is a suit brought under the disability clauses contained in a life insurance contract. Plaintiff had a verdict, and defendant appeals from an order denying its motion for judgment notwithstanding the verdict or a new trial.

March 27, 1922, the New York Life Insurance Company issued to Thomas Hugh Joyce, for the benefit of Rose M. Joyce, his wife, the respondent herein, a $3,000 policy of life insurance. Later, by mutual consent, the policy was reduced to $1,000. The policy contained a provision that disability benefits would be paid upon receipt at the company's home office, before default in the payment of premiums, of due proof of disability. It was further provided

68

that the first income payment should become due on the first day of the calendar month following receipt of proof of disability, and that the company would waive payment of any premium falling due after approval of such proof of disability. Premiums were paid promptly by the insured from the inception of the contract up to and including March 20, 1926. The payment made on that date continued the policy in effect until March 20, 1927. September 10, 1926, the insured became insane and was confined to a sanitarium and has remained insane ever since. Prior to the insanity of the insured a divorce had been granted the plaintiff, and she was living apart from him. She claims that she was unaware of the existence of the policy until April 15, 1932, when the insured's mother discovered it and turned it over to her. April 20, 1932, the insurance company was notified of the insured's insanity by respondent, and May 7, 1932, informed her that it denied liability.

Defendant bases its defense upon three grounds:

(1)   That the policy lapsed for failure to give notice of disability;

(2)   That plaintiff's delay was unreasonable;

(3)   That the provisions of 1 Mason Minn. St. 1927, § 3417(5), providing for notice under health and accident policies, are not applicable.

■   We shall first consider the application of the provisions of 1 Mason Minn. St. 1927, § 3417(5). If its provisions apply to this policy, the other questions raised are materially affected. The provisions in the policy relating to disability benefits require the company to pay to the insured one per cent of the face of his policy each month during the lifetime of the insured and to waive the payment of premiums if he becomes wholly and permanently disabled before the age of 60. By the terms of the policy, the disability benefits were to become effective upon receipt at the company's home office, before default in the payment of any premium, of proof that the insured became totally and permanently disabled after he, received the policy and prior to the policy's anniversary on which the insured's age at his nearest birthday would be 60 years.

It also provided that the company should pay the income to the beneficiary instead of to the insured in case disability resulted from insanity. The income payments and discontinuance of premiums upon the policy were to commence on the first day of the calendar month following receipt of the proof of total permanent disability.

1 Mason Minn. St. 1927, §§ 3415-3427, comprise what is commonly referred to as the health and accident insurance code. Section 3415 provides that after the first day of January, 1914, no policy of insurance against loss or damage from sickness, or the bodily injury or death of the insured by accident, shall be issued or delivered to any person in this state until there has been a compliance with the terms of the act which was L. 1913, c. 156. Section 3417 provides that every such policy so issued shall contain certain standard provisions. One of these standard provisions relates to the notice of sickness and provides that such notice must be given within ten days after the commencement of the disability. Section 3417(5) provides in part:

"Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

The defendant's policy here under consideration does not contain this provision. Section 3423 provides that a policy issued in violation of the act shall, notwithstanding that fact, be held valid but shall be construed as provided in the act, and that when any provision of the policy is in conflict with any provision of the act the rights, duties, and obligations of the insurer, the policyholder, and the beneficiary shall be governed by the provisions of the act. If, then, the provisions of the sections referred to apply to the policy here sued upon, it is to be construed as if it contained the quoted provisions of § 3417(5).

It is the contention of the defendant that none of the provisions of the so-called accident and health insurance code apply to accident or disability insurance when that form of insurance is con-

tained in a policy which also carries life insurance. With that view we are not in accord. To our minds it would be just as reasonable to contend that when a policy of accident or disability insurance also carries life insurance provisions the standard requirements in regard to life insurance should not apply. It is true that by the terms of this policy the premiums on the life insurance contract were to be waived or discontinued after the occurrence of the disability and during its existence, but doubtless the hazard of carrying these premiums was figured into the premium for the disability insurance, and in effect the waiver thereof is a part of the benefits of the disability insurance paid for by the increased premium charged therefor. Whether or not the discontinuance of the premiums was so figured, the benefits so contracted for were a part of the disability protection of the contract. In effect the insured had two policies of insurance incorporated in one instrument. One was a life insurance contract, and the other was a disability contract. The life insurance contract was subject to the provisions of the law in regard to the standard policy required when issued for that purpose. The disability contract was one which should have conformed to the provisions of the law regarding policies issued against loss or damage from sickness or disability. Each part of this contract should have contained the standard provisions required by law for its respective purpose.

We have carefully examined the decisions cited by the defendant which it contends support the theory that the accident and health insurance code does not apply when insurance of that kind is incorporated in an instrument which also contains a life insurance contract. We find nothing in those decisions contrary to the view above expressed, nor do we regard the long-standing executive construction placed upon the law by the insurance department as controlling upon us. In case of ambiguity it was an element to be considered, but we find no ambiguity.

As we view the intent of the legislature it was its purpose to require all contracts of the character described in § 3415 to contain the standard provisions required by § 3417, and that if the contract

did not contain those provisions it was to be construed as if it did contain them. These provisions are just as necessary for the protection of the policyholder when the health and accident contract is made with a life insurance contract as when it is made independently. To construe the intent otherwise would lead to an absurdity and would open the door to the very abuses which the legislature sought to prevent. If there is reason to require such standard provisions in contracts of accident and health insurance when made separately from life insurance, there is equal reason for the provision when the contract is made along with a contract of life insurance. We hold that 1 Mason Minn. St. 1927, §§ 3415-3427, applies to policies which contain insurance of the character described in § 3415, whether made in conjunction with a contract of life insurance or not.

■ We then proceed to determine whether the jury might find that notice of disability was given as soon as was reasonably possible. The defendant contends that the delay of approximately five years was so unreasonable as to avoid all liability on the part of the company and claims that mere ignorance on the part of the beneficiary of the existence of the policy does not excuse her, citing Schanzenback v. American L. Ins. Co. 58 S. D. 528, 237 N. W. 737, 75 A. L. R. 1501. But in that case the beneficiary had possession of the policy for more than six years after the death of the insured, whereas in the case at bar the mother of the insured, who was not the beneficiary, had possession of the policy, although she was not aware of it, and it was not turned over to the beneficiary, the plaintiff here, until just before she served the notice. She and her husband had been divorced and were living apart at the time he became insane. She acted promptly as soon as she knew of the existence of the policy, and if the policy had contained the provision required by § 3417(5), we think that it was properly a question for the jury whether she had acted as soon as was reasonably possible for her to act. We have held that this provision should have been in the policy and that the rights of the parties are governed thereby. Consequently a different question is presented from that contained in the cases cited by the defendant where, as it says,

it is a question of writing into the policy in favor of the beneficiary an exception that it does not contain.

The order appealed from is affirmed.

*DEVANEY, Chief Justice,* took no part.

*STONE, Justice* (dissenting).

I agree with the conclusion reached in the first subdivision of Mr. Justice Loring's opinion. But I cannot concur in the result because as matter of law it seems to me to have been "reasonably possible" to give the notice of disability promptly; in any event much sooner than it was in this case. I cannot believe that it was the intention of the statute, 1 Mason Minn. St. 1927, § 3417(5), that mere ignorance or inadvertence of the beneficiary should be magnified into an absolute impossibility. Notice of the disability could have been given promptly by any interested party such as a guardian of the insured or a beneficiary of the insurance. Fortuitous circumstances explaining delay are far from being such a cause as to make action impossible.

### AFTER REARGUMENT.

On January 19, 1934, the following opinion was filed:

*LORING, Justice.*

■ It is very earnestly contended that it was not the legislative intention to make the health and accident code, 1 Mason Minn. St. 1927, § 3415, et seq. apply to contracts supplemental to contracts of life insurance such as the one before us, and certain provisions of the statute which were not before cited to us have been called to our attention in connection with the reargument.

1 Mason Minn. St. 1927, § 3426(2), provides:

"Nothing in this act shall apply to or in any way affect contracts supplemental to contracts of life or endowment insurance where such supplemental contracts contain no provisions *except such as operate to safeguard such insurance against lapse or to provide a special surrender value therefor in the event that the insured shall be totally and permanently disabled by reason of accidental bodily injury or by sickness;* \* \* \*"

This section was part of L. 1913, c. 156. It is in the same language as a like provision of the New York law. If our statute was copied from the New York law, we find no construction of the section by the courts of that state either before or after the adoption of our health and accident code. It is now claimed (though the record does not so show) that the exception noted in the quoted section covered all contracts that were then being made supplemental to contracts of life insurance and that it evinces a legislative intent not to include any such supplemental contracts within the provisions of the health and accident code.

The policy before us provides for money benefits in case of permanent and total disability and is admittedly without the literal terms of the exception noted in the statute cited. Much emphasis is placed upon the distinction between the terms used in the accident and health insurance code in describing the insurance provided for thereunder as "against loss or damage from the sickness, or the bodily injury or death of the insured by accident," and the protection afforded by contracts such as that before us "in the event of total and permanent disability," and we find that distinction somewhat carried out in 1 Mason Minn. St. 1927, § 3315 (4, 5) which contains general provisions classifying the insurance which may be written by various kinds of insurance companies. Subdivisions 4 and 5 read as follows:

"4. To make contracts of life and endowment insurance, to grant, purchase, or dispose of annuities of endowments of any kind, and to insure against accidents to or sickness of the assured.

"5. To insure against loss or damage by the sickness, bodily injury or death by accident of the assured, or of any other person employed by or for whose injury or death the assured is responsible."

Section 3315 also provides that a corporation having the requisite capital stock and authorized to transact the business specified in subd. 4 may also transact that specified in subd. 5. It is to be noted, however, that the authority defined in subd. 4 is not confined to accidental death or total and permanent disability. It is sufficiently broad to cover any accident or disability insurance. It

74

is true that subd. 5 refers to "loss or damage," as does the health and accident code, but surely death by accident and total and permanent disability constitute "loss or damage." Such losses are, of course, only part of the hazards covered by the broadest policies authorized by the health and accident code or included in the kinds of hazards which life insurance companies are authorized to insure against.

Perhaps the most persuasive provision of the statute which is now cited by the defendant is the amendment effected by L. 1925, c. 247, 1 Mason Minn. St. 1927, § 3402(3), which included in the authorized exception to the incontestability clause in life insurance contracts those

"provisions relative to benefits in the event of total and permanent disability and provisions which grant additional insurance specifically against death by accident, * * *."

This exception to the incontestability clause was to be at the option of the company. These provisions of the statutes would have been more persuasive in favor of the defendant's position had the legislature not left § 3426(2) exactly as it was passed in 1913. They are not necessarily inconsistent with an intent to continue the exception in § 3426 just as it is, or that the health and accident code should apply to supplemental contracts not coming within the terms of the exception. If we were to construe § 3426 as defendant desires us to we would have to construe it as if all of the section from the first word "where" to the proviso were omitted. It would then provide generally that the health and accident code should not affect any contracts supplemental to life insurance. If such had been the legislative intent the provision commencing with "where" would have been omitted. Or if we were to adopt defendant's contention that the exception covering all supplemental contracts then in use evinced an intention to exclude all such supplemental contracts as should be subsequently incorporated in a life policy, we should have to construe it as if it contained an additional clause which would bring the money benefits provided for in the policy before us within the exception stated in the statute, and from time

to time as life insurance contracts might be supplemented by additional forms of disability or accident insurance we should have to enlarge by construction the provisions of this section. To do either would violate well established rules of construction as well as the dictates of common sense. To take the first suggested construction would be to fail to give any force whatever to the clause:

"where such supplemental contracts contain no provisions except such as operate to safeguard such insurance against lapse or to provide a special surrender value therefor in the event that the insured shall be totally and permanently disabled by reason of accidental bodily injury or by sickness * * *." 1 Mason Minn. St. 1927, § 3426(2).

To take the other theory would amount to additional legislation by this court. Such a construction is not to be tolerated.

Had § 3426(2) been omitted from the health and accident code we might the more readily have found the legislative intent to have been as defendant contends; but in that subdivision we have a specific exception of supplemental contracts when they contain no provisions except such as operate to safeguard against lapse or to provide a special surrender value in case of total or permanent disability. The implication is irresistible that where such supplemental contracts contain provisions not within the exception the health and accident code is intended to apply. The inclusion of the two named exceptions amounted to an exclusion from the exception of other supplemental contracts such as the one now before us. Cooke v. Iverson, 108 Minn. 388, 397, 122 N. W. 251, 52 L.R.A.(N.S.) 415. And the inclusion of a provision not covered by the exception takes the entire supplemental contract out of the exception.

It is quite clear that the legislature considered certain disability and accident provisions as appropriate to the preservation of life insurance benefits and in a measure to accelerate such benefits; it evinced an intention to except such provisions from the restrictions it placed upon health and accident policies. It saw no such reason for excepting provisions appropriate to ordinary disability

insurance, and it may very likely have assumed that to enlarge the exceptions beyond the extent specified would invite companies to evade the health and accident code by coupling such contracts with life insurance and thus free them from the restrictions of that code.

By the construction here adopted we give full force and effect to all of the statutory provisions. Section 3426 takes effect according to its terms, and the amendment of 1925 operates to exempt from the incontestability clause provisions relative to benefits in the event of total and permanent disability and to death by accident, all at the option of the company.

Subdivisions 4 and 5 of § 3315 do not, in our opinion, add much force to defendant's contention. The classification there made of business which may be done by insurance companies throws little if any light on the legislative intent in regard to the application of the health and accident code.

It is further contended that some of the requirements and prohibitions contained in the statute in regard to the two classes of insurance are so inconsistent and contradictory that the two codes may not be made applicable where supplemental contracts such as we have here are involved. We think that companies will find no difficulty with those requirements and prohibitions if their contracts are drawn with the consideration in mind that they are writing two different classes of insurance in one instrument and if the appropriate provisions of law are made to apply to the contract of life insurance and those provisions which are required by the health and accident code are made to apply to what is referred to in § 3426 (2) as the supplemental contract. In the contract before us many provisions appropriate to life insurance only are made to apply to that insurance only.

Amongst other contentions made by the defendant was one that the insured might cancel the life insurance feature of his policy and continue the health and accident contract. The contract appears to provide the contrary. The disability and accident features may be canceled and the life insurance continued in force. Moreover, in view of the optional standard provisions relative to cancelation of the policy at the instance of the insurer, we see no danger of

such a situation arising. As we understand the policy before us, the disability provision may be discontinued by the insured and the premium reduced accordingly. The annual premium is allocated to three classes of insurance: life, accidental death, and total disability. The amount of premium charged for each kind of insurance is specified.

Much reliance is placed upon Reagan v. Philadelphia L. Ins. Co. 165 Minn. 186, 206 N. W. 162, and Orr v. Prudential Ins. Co. 274 Mass. 212, 174 N. E. 204, 205, 72 A. L. R. 872. The Reagan case went off on the question of nonpayment of the first premium, and the applicability of the health and accident code to the policy in question does not appear to have been the determining factor. If it had been, this court would doubtless have followed the Orr case [274 Mass. 215] in holding that the violation of the printing clause did not "destroy the conditions upon which the rights and obligations of the assured and insurer respectively arise and depend, and thereby create a right in the assured which would not exist if the provisions as to the voidability of the death benefit insurance were printed in type not obnoxious to the terms of the statute." The Orr case seems to go no further than that. It does not say that the Massachusetts health and accident code does not apply to contracts within its terms which are supplemental to life policies.

We adhere to our view that the health and accident code applies to the disability features of this contract.

2. For the first time, on this reargument, our attention has been called to that provision of the health and accident code which requires all indemnities except those for death to be paid to the insured. 1 Mason Minn. St. 1927, § 3417(11). This nullifies the provision in the policy that in case of the insanity of the insured such indemnity shall be paid to the beneficiary. Hence the plaintiff herein has no cause of action as we now construe the policy.

The order appealed from is reversed.