**KANSAS CITY LIFE INS. CO. v. LIPSEY.**

**No. 10021.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1941.

James L. Lipscomb, of Dallas, Tex., for appellant.

C. S. Bradley and L. W. Shepperd, both of Groesbeck, Tex., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The question for our decision is whether, under the terms of an insurance policy issued by appellant, the beneficiary thereof is entitled to recover double indemnity for the accidental death of the insured.

The policy, issued in 1918, was for $2,000 and was on the life of Charles Lipsey. The premium that became due on March 15, 1934, was not paid, and no premium payments were made thereafter. Lipsey died in January, 1937, as a result of injuries accidentally sustained. The insurance company determined that the cash value of the policy on March 15, 1934, was sufficient to continue the face amount of the insurance in force beyond the date of death, under the extended insurance option, but that the double indemnity provision had lapsed for non-payment of premium. Accordingly, it tendered to the beneficiary, appellee here, its check in the sum of $2,000 in full satisfaction of its contractual obligation. Mrs. Lipsey refused the tender, and filed suit to recover the double indemnity.

It seems to be conceded that the application of the cash value in the policy to the purchase of extended insurance was proper. Therefore, our decision turns upon the construction of the double indemnity provision and the extended insurance agreement. A rider attached to the policy provided for the payment of double indemnity by the company for the accidental death of the insured occurring after one full annual premium had been paid, and before default in the payment of any subsequent premium. The extended insurance provision, incorporated in the body of the policy, was as follows: "If any premium * * * shall not be paid when due, * * * the company will extend and continue in force, from such due date, the full amount of this policy as non-participating term insurance for the term of years and months as provided in the accompanying table."

The contention of the appellee is that the failure to pay the premiums due on and after March 15, 1934, was not a default in the payment of premiums, because the cash value remaining in the policy was applied to the payment of those premiums, and that the full amount of the policy kept in force by the extended insurance was the sum of $4,000, which was payable in case of accidental death. We agree with appellant that the policy is not subject to this construction.

When a definite time is appointed for the payment of an insurance premium, and it is not paid on that date, a default occurs.[1] Here a default occurred by reason of non-payment of the premium due on March 15, 1934. The accidental death of the insured did not take place until 1937. The right to recover double indemnity was conditioned upon the occurrence of the accidental death prior to default in the payment of any premium. That provision was not fulfilled.

There is no conflict in this regard between the double indemnity and the extended insurance provisions of the contract. The double indemnity provision was effective only prior to default in the payment of any premium. The extended insurance clause became effective only subsequent to a failure to pay the premiums as they became due. The failure to pay the premium due on March 15, 1934, produced two results: (1) The lapse of the double indemnity provision, and (2) the taking effect of the extended insurance provision.[2] The full amount of the insurance remaining after the lapse of the double indemnity portion of the contract, and which was kept in force by the purchase of extended insurance, was $2,000.[3] That amount only is the appellee entitled to be paid by reason of the insurance contract.

The judgment appealed from is reversed, and the cause is remanded to the court below for further proceedings not inconsistent with this opinion.

---

[1] Meadows v. Continental Assurance Co., 5 Cir., 89 F.2d 256.

[2] Cf. Life & Casualty Insurance Co. v. Wheeler, 265 Ky. 269, 96 S.W.2d 753, 756, 106 A.L.R. 1270.

[3] Cf. Henricks v. Metropolitan Life Insurance Co., 7 Cal.2d 619, 61 P.2d 1162; Orr v. Prudential Insurance Company, 274 Mass. 212, 174 N.E. 204, 72 A.L.R. 872.