## CUSTER v. LINCOLN NAT. LIFE INS. CO. OF FORT WAYNE, IND.

### No. 8394.

Circuit Court of Appeals, Seventh Circuit.

Feb. 15, 1944.

Rehearing Denied April 5, 1944.

Walter H. Eckert, Abe R. Peterson, and Tom Leeming, all of Chicago, Ill., for appellant.

David J. Kadyk, Leonard F. Martin, and James J. Lewis, all of Chicago, Ill. (Lord, Bissell & Kadyk, of Chicago, Ill., of counsel), for appellee.

Before EVANS and SPARKS, Circuit Judges, and BARNES, District Judge.

EVANS, Circuit Judge.

This action was brought to recover a money judgment on an insurance policy which provided for a double indemnity in case the insured met his death "through * * * accidental means."

The District Court found for the plaintiff and judgment was entered accordingly.

The controversy is over the effect of a provision in the contract covering death by accident, which absolved the defendant from all liability "if death resulted from homicide, intentional or unintentional."

The Facts. The insured, a Chicago street car motorman, was shot and killed by one who boarded his car and attempted a hold-up. At the time of his death he held a contract of insurance with the defendant, upon which the premiums had been fully paid. It is not denied but that his death resulted from homicide and defendant was not liable under the double indemnity contract save for plaintiff's contention that the provision which avoided liability in case of death by homicide was printed in a type smaller than the rest of the policy and came within the condemnation of an Illinois statute.

Sections 2(6) and 12, Act of 1915, page 472, read as follows:

"Sec. 2. No such policy shall be so issued or delivered * * * (6) unless the exceptions of the policy be pointed with the same prominence as the benefits to which they apply: Provided, however, that any portion of such policy which purports, by reason of the circumstances under which a loss is incurred, to reduce any indemnity promised therein to an amount less than that provided for the same loss occurring under ordinary circumstances, shall be printed in bold face type and with greater prominence than any other portion of the text of the policy."

"Sec. 12 (2) Nothing in this Act shall apply to or in any way affect contracts supplemental to contracts of life or endowment insurance where such supplemental contracts contain no provisions except such as operate to safeguard such insurance against lapse or to provide a special surrender value therefor in the event that the insured shall be totally and permanently disabled by reason of accidental bodily injury or by sickness: Provided, that no such supplemental contract shall be issued or delivered to any person in this State unless and until a copy of the form thereof has been submitted to and approved by the Insurance Superintendent, under such reasonable rules and regulations as he shall make concerning the provisions in such contracts and their submission to and approval by him."

The title of the Act is, "An Act concerning and to regulate policies issued by companies, corporations, associations, societies or other insurers, doing accident and casualty insurance * * *," and concerns policies "of insurance against loss or damage from the sickness, or from the bodily injury or death of the insured by accident * * *."

The question before us is a strictly legal one, namely, the applicability of this statute. Defendant contends for its nonapplicability on the ground that its policy was life insurance and not an accident insurance. On the other hand, plaintiff argues that the policy here in suit was a policy of accident insurance. The Illinois courts have held this statute to be nonapplicable to life insurance contracts. Julius v. Metropolitan Life Ins. Co., 299 Ill. 343, 132 N.E. 435, 17 A.L.R. 956.

Turning to the physical exhibits (the insurance contracts), we are at once impressed by the fact that there were two policies issued at the same time by defendant. At least there were two physical documents by it executed and delivered to the insured. One is by it called its Principal Contract. The other, the one here in

suit, is called a Supplemental Contract. Defendant more specifically describes what we have termed its Principal Contract as a "Five Star Endowment Annuity, Preferred Risk Policy." The annual premium payment for this policy was $120.36. It was signed and executed by defendant's President and by its Secretary.

On the same date and attached to the Principal Contract was a Supplemental Contract. It was also signed by the President and by the Secretary. It also called for a separate annual consideration or premium, which was $4.50. Its vitality was dependent upon the prompt annual payment of the premium called for therein at the time therein specified. The coverage of the Supplemental Contract was limited to death from an accidental cause. There were no health or disability clauses therein.

Because of their importance, the more important provisions of the Supplemental Contract are set forth in the margin.*

We experience no difficulty in holding that defendant issued two independent policies of insurance, one a life insurance policy—the other an accident policy. The former did not come within the provision of the Illinois Act in question. The latter is controlled by said Act.

---

* "The Lincoln National Life Insurance Company,
Fort Wayne, Indiana.

"Additional Insurance Contract Doubling Benefit in Case of Accidental Death

"Supplemental Contract issued in connection with Policy No. 463892, which is the Principal Contract and of which this Supplemental Contract is a part.

"It is Hereby Agreed That, should the Insured under the above numbered policy, while same is in full force and effect, suffer

Loss of Life

as the direct result of bodily injury and independent of all other causes, effected solely through external, violent and accidental means, * * * the Company will * * * pay to the Beneficiary or Beneficiaries hereunder,

"An Amount Equal To The Sum Insured Under The Principal Contract,

such payment to be in addition to any amount which may be due under the Principal Contract.

"This additional insurance benefit is granted in consideration of the payment of four and 50/100 Dollars, the receipt of which is hereby acknowledged, and the Annual payment of a like sum to the said Company on or before the 15th day of every April thereafter until premiums for twenty-four full years from the date hereof shall have been paid.

"General Provisions.

"1. * * *

"2. This Additional Insurance Benefit shall not apply if the Insured's death results from any of the following causes:

"(a) Self-destruction, sane or insane, or any attempt thereat.

"(b) Engaging as a passenger, or otherwise, in an aerial flight or submarine descent.

"(c) Committing an assault or felony.

"(d) Riot, insurrection or war or any act attributable thereto.

"(e) Taking of poison or inhaling of gas, whether voluntarily or involuntarily.

"(f) Homicide, intentional or unintentional, or any attempt thereat.

"3. This Supplemental Contract shall cease to be in force under any of the following conditions:

"(a) Upon the anniversary of the Policy nearest to attained age 65 of the Insured.

"(b) If, at any time, the Insured shall be under enrollment in any branch of military or naval service, in time of war.

"(c) When any premium provided for in the Principal Contract, or in this Supplemental Contract, shall not be paid when due or within the grace period provided.

"(d) When any premium shall be waived or claim allowed and payment made by the Company under the Total and Permanent Disability Clause, if any, contained in the Principal Contract, or in a Contract issued supplemental thereto.

"4. The Insured may at any time cancel this Supplemental Contract by filing written request for such cancellation together with the surrender of said Supplemental Contract. Under these conditions no further premiums shall be due under this Supplemental Contract, and the Company will return any unearned portion of the last premium paid hereunder.

"In Witness Whereof, The Lincoln National Life Insurance Company has caused this Supplemental Contract to be signed this 15th day of April, Nineteen Hundred Thirty-five.

"Arthur F. Hall,
President.

Cecil F. Cross,
Secretary.

Examined by S. J."

■ It is, of course, clear that the question is one which must ultimately be determined by the Illinois courts. Its Supreme Court has not passed upon this question as yet. The Illinois courts have recognized the statute, which requires the conditions in an accident policy covering exceptions to be given prominence equal to that given benefits, to be for the protection of the insured. It is a public policy statute and should be given liberal construction. Said the court in Porter v. Continental Casualty Co., 277 Ill.App. 492, "The plain purpose of this section is to compel insurance companies to fairly apprise the insured of all conditions in a policy that limit the beneficial provisions of the policy."

Two cases called to our attention are Mutual Life Ins. Co. v. Schenkat, 62 F.2d 236, a decision of this court dealing with a somewhat similar Wisconsin statute, and Joyce v. New York Life Ins. Co., 190 Minn. 66, 250 N.W. 674, 676, 252 N.W. 427. Both cases, though somewhat distinguishable, are favorable to the plaintiff. In the Wisconsin case, appellant seeks to distinguish the decision on the ground that the question before us was not raised by counsel for the insurance company. In the Minnesota case, the court construed a Minnesota statute and dealt with the argument presented by defendant here—namely, that the health and benefit policy was subservient to the life policy and did not change the fact that the policy which defendant issued was a life insurance, not an accident, policy. The court there said:

"These provisions are just as necessary for the protection of the policyholder when the health and accident contract is made with a life insurance contract as when it is made independently. To construe the intent otherwise would lead to an absurdity and would open the door to the very abuses which the Legislature sought to prevent. If there is reason to require such standard provisions in contracts of accident and health insurance when made separately from life insurance, there is equal reason for the provision when the contract is made along with a contract of life insurance.

We hold that sections * * * apply to policies which contain insurance of the character described in section 3415 whether made in conjunction with a contract of life insurance or not."

■ It is interesting to note that defendant, an Indiana insurance corporation, applied for and was granted a license to do an accident insurance business in Illinois after it had been licensed to do the life insurance business in said state. Never has it done any accident business, save to write the policies of the kind here under consideration. It is therefore inferable that defendant believed the policy in question covered accident insurance, otherwise it would not have sought the license to do an accident insurance business.

■ It is also worthy of note that the Illinois statute covering accident insurance, above quoted, excepts from its provision two kinds of insurance contracts. It therefore does apply to a supplemental contract which fails to come within either provision. The policy before us did not fall within either exception.

In other words, the principle "expressio unius est exclusio alterius" applies, and the two exceptions noted in the statute are the only exceptions to that section's application.

■ We conclude that we can and should give the protection of the provision of the statute full force and effect and yet limit its application to accident insurance by holding that an insurance company can write, and defendant did write, life insurance and accident insurance at the same time, that one form of insurance was not affected by Secs. 2 and 12 above-quoted and the other is controlled by said section. Further, we hold that the accident policy which depended for its validity upon the prompt payment of a separate and independent premium came within the protection of the statute and the limitation upon the benefit arising from such policy when death occurred through homicide did not bar the plaintiff from recovering in this case.

The judgment is affirmed.