Ethyl Towsley LUCAS, Plaintiff,

v.

SUN LIFE ASSURANCE CO. OF
CANADA, Defendant.

Civ. No. 5198.

United States District Court
D. Minnesota, Fourth Division.

Dec. 15, 1955.

George P. Hoke, Minneapolis, Minn., for plaintiff.

Paul J. McGough, Wright W. Brooks, Minneapolis, Minn., for defendant.

DEVITT, District Judge.

Plaintiff, as widow of the insured, brings this action to recover disability benefits and refund of premiums paid during disability of insured on a life insurance policy issued by defendant to the insured in February of 1930. The matter is before the Court on defendant's motion for summary judgment.

In her complaint it is alleged that the insured was totally and permanently disabled as a result of multiple sclerosis from August 1943 until his death in 1954. Plaintiff further alleges that she did not know of the existence of the policy until after decedent's death and that her claim for disability benefits and waiver of premium refund was made as soon as reasonably possible, namely within one week after insured's death. Defendant's answer contests plaintiff's allegations of disability and timely notice.

Defendant contends that it is entitled to a summary judgment because there is no fact issue for dispute. He argues that the insurance policy supplementary provision, providing for waiver of premiums and a monthly income during disability, specifically conditions the payment thereon upon the insured being "then living" and that the insured here was dead at the time application for benefits was made. The pertinent portion of the rider provides as follows:

"At any time after the first premium shall have been paid, and before default in the payment of any subsequent premium, if the assured shall furnish due proof to the Company at its Head Office in Montreal that he has become totally and permanently disabled by bodily injury or disease, and that such disability occurred while this policy is in full force and before the anniversary of the policy is in full force and before the anniversary of the policy on which the assured's age at nearest birthday is sixty years, the Company will grant the following benefits:—

"1. Waiver of Premiums.—The Company will pay for the assured the subsequent premiums, if any, as they shall become due during the period of such total and permanent disability, commencing with the first premium due after receipt of said proof of such disability.

"2. Income to Assured.—On receipt at its Head Office of said proof, the Company also will pay to the assured, if then living, and if such disability continues, a monthly income of one per cent of the face amount of this policy. The first income payment shall become due on the first day of the month following receipt of said proof if the assured be then alive, and the succeeding payments on the first day of each month thereafter, during the subsequent lifetime and continued disability of the assured, ceasing with the last payment preceding the death of the assured or the maturity of the policy."

The plaintiff responds to this contention by asserting that while it is true that the claim was not asserted until after the death of the insured, the Minnesota law, made a part of the policy, specifically provides that the failure to give timely notice does not invalidate a claim where it is shown that it was not "reasonably possible to give such notice and that notice was given as soon as was reasonably possible." M.S.A. § 62.03(5)5.[1]

In support of this contention plaintiff cites Wheeler v. Equitable Life Assurance Society, 211 Minn. 474, 1 N.W.2d 593 decided January 2, 1942, construing an allegedly similar provision contained in an Equitable Life Assurance Society policy and holding that M.S.A. § 62.03-(5)5 gives rise to a factual issue as to the reasonableness of the impossibility to give timely notice and the reasonableness of the notice given.

■■ This is a diversity of citizenship case, and I must be governed by the decisions of the Supreme Court of Minnesota. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. I have concluded that the Wheeler case is controlling of the issue here. I have been unable to compare the exact language in the Sun Life policy under consideration with the policy issued in the Wheeler case because the language is not set out in the decision, and neither party has submitted a copy of the policy issued in the Wheeler case.

The defendant here seeks to draw a distinction by emphasizing that in the Sun Life policy the expressions "if then living" and "if the assured be then alive" are specifically made conditions to the payment of the disability income.

1. It appears that this statute does not apply to life insurance policies issued subsequent to a 1935 Legislative amendment. Minn.Laws 1935, c. 74, M.S.A. § 62.12.

While the meaning to be attached to the language employed is not clear, the Court's interpretation of the above-quoted expressions is that they relate to the requirements of notice and the duration of eligibility for disability benefits rather than to the establishment of conditions for eligibility for recovery. In part I am prompted to reach this conclusion from the omission of such quoted expressions from the "Waiver of Premiums" subdivision of the disability rider quoted above. It is to be noted that those qualifying expressions are contained only in the "Income to Assured" subdivision. If the defendant's argument were carried to its logical conclusion, it would follow that in a case such as this, the defense that the defendant was not living at the time the claim was asserted would be available as against the claim for the monthly disability income, but it would not be available as against a claim for refund of the premiums paid. This would be an illogical distinction.

If the contracting parties contemplated that death would be an absolute bar to a claim such as this, it seems to me they could have said so in explicit language that both parties would have understood. Since the language of this policy was chosen by the insurer and presumably for its own benefit, that language must be clear and unambiguous in order to support its version of the meaning. Any reasonable doubt as to its meaning should be resolved in favor of the assured, especially when it pertains to a question of forfeiture. 9 Dunnell Digest, 3d Ed., Sec. 4659. I am also enjoined by the Supreme Court of Minnesota in Maze v. Equitable Life Assurance Co., 1933, 188 Minn. 139, 246 N.W. 737 and by the Wheeler case, supra, to construe this policy liberally in favor of the insured.

This conclusion is supported in principle by the 1941 decision of the Fifth Circuit in Love v. Northwestern Nat. Life Ins. Co., 119 F.2d 251. I therefore conclude that a fact issue is presented as to the reasonableness of failure to give timely notice and the reasonableness of the actual notice given, and that the motion for summary judgment should be denied. It is.

It appears that the plaintiff in her capacity as beneficiary of the decedent's insurance policy may not be the proper party plaintiff in view of Joyce v. New York Life Ins. Co., 1933, 190 Minn. 66, at page 77, 250 N.W. 674, 252 N.W. 427 (on reargument). The Court will entertain an appropriate motion in this regard.