JEANNE ARONSON *vs.* SUFFOLK SAVINGS BANK.

Suffolk.    October 6, 1959. — November 3, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, &
WHITTEMORE, JJ.

*Insurance,* Life insurance: "family income benefit."

Under a proper construction of a life insurance policy having a "family
income" benefit rider providing that the rider should "become void"
if the policy were "not kept in force by payment of premiums" but
that nonforfeiture benefits of the policy were "not affected by" the
rider, a failure to pay a quarterly premium caused the rider to lapse
at the expiration of the following two months, for which the premium
was paid by the insurer's applying accumulated dividends, notwith-
standing that at the end of a period of grace ensuing after such two
months the policy was placed on a participating extended term insur-
ance basis under its nonforfeiture provisions and such term insurance
was in force when the insured died.

CONTRACT.    Writ in the Superior Court dated November
15, 1955.

The case was heard by *Good,* J.

*Robert M. Morrison, (Elliott H. Stone* with him,) for the
plaintiff.

*Charles F. Choate, (James C. Heigham* with him,) for the
defendant.

WILKINS, C.J.    This is an action of contract on a policy
of savings bank life insurance issued by the defendant upon
the life of the plaintiff's husband, who died on November 19,
1953.    This was a straight life policy in the sum of $1,000
issued effective January 7, 1948.    Attached to it was a
rider "for 'family income' benefit," which in substance pro-
vided, in consideration of an additional premium, that should
the insured die within a period of twenty years, there would
be paid to the beneficiary $10 a month for the remainder of
that period.    The controversy is whether the rider was in
effect at the time of the insured's death.    Liability on the

base policy is admitted. The case was heard upon an "agreed statement of evidence" by a judge who found for the plaintiff in the amount of the base policy only.

This action was consolidated for trial with nine actions on identical policies issued by nine other savings banks. By stipulation the same final judgment is to be entered in them as in the case at bar.

The rider reads in part: "In the event that the policy is not kept in force by payment of premiums, this rider and the provisions for family income benefit, above set forth become void. The non-forfeiture benefits under the policy are not affected by this rider."

The premiums on the ten policies were paid in one sum to an agency bank. The quarterly amount for all the policies was $59.10, which included the premiums for the family income benefit rider. All premiums due through October 7, 1952, were paid. Payments due on January 7, 1953, were not made. The insurers applied accumulated dividends to pay premiums due until March 7, 1953. After the running of the grace period of thirty-one days, each policy was placed on participating extended term insurance under the provisions of the nonforfeiture values clause of the policy, thereby extending the life insurance coverage until June 28, 1954. See G. L. c. 175, § 4, as amended through St. 1941, c. 324.

The plaintiff asserts that at the insured's death the policy was still "kept in force by payment of premiums," notwithstanding that the insured had not paid a premium for more than a year; and that, in consequence, the rider was not void. The argument seems to be that because premiums had been paid in the past, and because there are policy provisions for a grace period and for participating extended term insurance, anything in the policy which kept alive any interest of the insured, however attenuated in comparison with the original benefits, was a keeping in force of the policy by payment of premiums. We think that this is clearly not so. To begin with, it is a forced and unreasonable construction of the unambiguous language used in the rider. Im-

mediately following the statement that the rider will become void if "the policy is not kept in force by payment of premiums," there is a sharply drawn distinction expressed in the words, "The non-forfeiture benefits under the policy are not affected." Emphasis upon this distinction would have been unnecessary were all the provisions of the rider to continue in effect coterminously with the policy itself. The plaintiff's contention, moreover, is made in the teeth of a statement on the first page of the policy reading, "Except as herein stated, the payment of a premium or installment thereof shall not maintain this policy in force beyond the date when the next premium or installment thereof is payable." No pertinent exception can be found in either the policy or the rider. When March 7, 1953, came and went without a payment of the premium in the normal manner, there were at least two results: (1) The rider for "family income" benefit lapsed. (2) The thirty-one day grace period began to run, following which participating extended term insurance came into effect. See *Kansas City Life Ins. Co.* v. *Lipsey*, 123 F. 2d 998, 999 (5th Cir.).

The present case is controlled by *Orr* v. *Prudential Ins. Co.* 274 Mass. 212, where there was an action upon a policy of life insurance with a rider providing double indemnity in case of accidental death. At the time of the accidental death of the insured there had been a default in the payment of premiums, and in accordance with the nonforfeiture provisions of that policy there was a period of automatic extended insurance. The rider there contained the provision, "These provisions as to accidental death benefit shall become null and void if any of the non-forfeiture provisions of said policy shall be operative." At pages 216–217, the court said, ". . . we think it plain that there is nothing in the insurance law or in the terms of the contract of insurance which inhibits the provision of the 'rider' that that part of the policy shall be void in the event the nonforfeiture provisions of the policy were in force when the death occurred." See G. L. c. 175, § 144 (7) (d), as amended through St. 1943, c. 227, § 3.

We have examined all the remaining points raised by the plaintiff, and find in them nothing meriting discussion.

*Exceptions overruled.*