**ALLSTATE INSURANCE COMPANY,**
Plaintiff,

v.

**Fannie PACIFIC, a/k/a Filomena Pacifici, a/k/a Filomena Pacifico, Michael Pacifici, Josephine Yorio, Louise Cafolla and Lois Green Undella, Administratrix on the Estate of Walter Green, deceased, Defendants.**

Civ. No. 4894.

United States District Court
D. Connecticut.

Nov. 5, 1954.

James F. Kenney, of Clancy & Kenney, Bridgeport, Conn., for plaintiff.

Paul V. McNamara, Bridgeport, Conn., for defendant Lois Green Undella, Admx.

Leonard McMahon, Danbury, Conn., for other defendants.

SMITH, Chief Judge.

This is an action for a declaratory judgment of non-liability under an insurance policy, with a cross complaint for reformation of the policy or declaration of liability to defend and pay on the policy.

As written, the comprehensive personal liability policy issued by plaintiff to the defendant, Fannie Pacific, covers her two family dwelling house at 21 Nichols Street, Danbury, but does not cover it if used for business purposes.

During the term of the policy, the premium having been paid, a roomer fell down the stairs in the house and was killed, his administratrix thereafter bringing an action in the state court against the insured, Fannie Pacific.

The insured at the time of applying for the policy and at the time of the accident lived alone on the first floor, and rented rooms on the second floor, with kitchen privileges to the kitchen on that floor, to five roomers.

There are two issues in the case, whether the renting of rooms to roomers is a business use excluded by the policy, and whether the exclusion of business use was inserted in the policy by fraud or mutual mistake of the parties, so that the Court should reform the policy to eliminate that exclusion.

The claim for reformation is based on the testimony of Mrs. Pacific's son-in-law, Placella, who made application for the policy on her behalf, that he explained about the roomers to the soliciting agent, and was assured by him that the policy to be written would cover Mrs. Pacific's liability for injuries on the premises while so used.

Placella, attempting to reconstruct the conversation about a year after the occasion, may well honestly believe that

he recalls telling about the roomers, a recollection that fits the present necessities of his mother-in-law.

His memory is demonstrably unreliable, however, for he is sure he gave the information to MacDonald, soliciting agent on other policies of Placella's, while the testimony of Arnold, and more important the evidence of the contemporary written documents, show that the information was given to, and the applications filled out by the agent Arnold, who denies any mention of roomers, and testifies that the plaintiff does not write business use policies.

■ On this showing, the court is unable to find that either fraud or mutual mistake is established by a fair preponderance of the evidence, let alone the clear and convincing evidence required for reformation.

If plaintiff is to fail in this action, therefore, it must be because the letting of the second floor rooms to roomers at a weekly rate for each room is not such "business use" as contemplated by the exclusion.

Defendants contend that the policy definition of business is such that a layman reading it might well consider that rental of rooms in a two family dwelling usually occupied in part by the insured would not invalidate the policy.

The policy definition is as follows:

" 'Business property' includes (1) property on which a business is conducted, and (2) property rented in whole or in part to others, or held for such rental, by the insured other than (a) the insured's residence if rented occasionally or if a two family dwelling usually occupied in part by the insured or (b) garages or stables, if not more than three car spaces or stalls are so rented or held."

The definition of business property includes both (1) property on which a business is conducted and (2) property rented in whole or in part to others. The exceptions which follow, on which defendant here relies refer in their terms only to (2) property rented in whole or in part to others. However, the inclusion of (1) and (2) in the same sentence might well lead an untutored layman to conclude that the exceptions in the same sentence modified both (1) and (2). Mrs. Pacific undoubtedly desired liability coverage for the premises operated as they then were. The soliciting agent by error originally set the premium at the rate for a one family dwelling. This was corrected to a two family rate and paid.

The business property definition, taken in conjunction with the definition of business to include trade, profession or occupation and declaration 5(a) that no business pursuits are conducted at the premises, might well lead a court to the conclusion that the insurer intended to exclude rooming house activity in part of a two family house from coverage. There is, however, merit in defendants' contention that an untutored layman such as Mrs. Pacific or Placella might well be expected to consider that her situation, renting one apartment of what is undoubtedly built and equipped as what the public considers a two family dwelling to a number of roomers rather than to a family unit, came within the business property exception of property rented in part to others if a two family dwelling usually occupied in part by the insured.

■ If the insurer desired to exclude rental to roomers of one apartment of a two family dwelling occupied in part by the insured it could easily have done so by language understandable by its insured.

■ In these circumstances the ambiguity will be resolved against the insurer, which chose the language. Gaunt v. John Hancock, Mutual Life Ins. Co., 2 Cir., 160 F.2d 599.

Judgment may be entered for the defendants on the complaint dismissing the complaint and for defendant Fannie Pacific on the cross complaint for declaratory judgment as prayed in the first and third numbered paragraphs of her claim

for relief. Form of judgment may be submitted on notice.

### Conclusions of Law

1. The Court has jurisdiction of the parties and subject matter of the action.

2. To obtain reformation of the policy, the burden is on the defendant Fannie Pacific to establish by clear and convincing evidence that by fraud or mutual mistake the terms of the written policy vary from those agreed upon.

3. Defendant has failed to sustain that burden.

4. The policy as written is ambiguous in its definition of business property and might well be construed by a layman not to exclude coverage of business use such as rental to roomers of part of a two family dwelling usually occupied in part by the insured.

5. Defendant Fannie Pacific is entitled to judgment ordering reinstatement of the policy, defense by plaintiff of the action brought against her in Superior Court, and payment of any judgment there recovered against her up to the policy limit.