228 F.2d 199
 ALLSTATE INSURANCE COMPANY, Plaintiff-Appellant,
v.
Fannie PACIFIC, a/k/a Filomena Pacifici, a/k/a Filomena Pacifico, Michael Pacifici, Josephine Yorio, Louise Cafolla, and Lois Green Undella, Administratrix of the Estate of Walter Green, deceased, Defendants-Appellees.
 No. 107.
 Docket 23636.
 United States Court of Appeals Second Circuit.
 Argued November 18, 1955.
 Decided December 7, 1955.
 
 John F. Clancy and James F. Kenney, Bridgeport, Conn., for appellant.
 Goldstein and Peck, Bridgeport, Conn., and Thomas Keating, Danbury, Conn. (Bernard Glazer and C. Harold Schwartz, of counsel), for Fannie Pacific, appellee.
 Before HAND, FRANK and MEDINA, Circuit Judges.
 FRANK, Circuit Judge.
 
 
 1
 We adopt Judge Smith's opinion, findings and legal conclusions, reported in 136 F.Supp. 379, which state the facts sufficiently, except in part as to the following: Appellant, the insurance company, presented the insured with a printed form of application for the policy; it contained questions which she answered in writing. Judge Smith found, inter alia: "Among the statements made by Mrs. Pacifici * * * upon the basis of which the policy was issued, were that there was no business or professional activity to be conducted on the premises and that the premises then were a two family dwelling." More specifically, she stated, in answer to a question, that "the premises are occupied by two families." Appellant contends that these several statements constituted misrepresentations. We reject this contention.
 
 
 2
 For we think the insured was entitled to suppose that the words in the questions in the application were but a repetition of what would seem to her substantially similar words in the policy. Pertinent, then, are the following conclusions of Judge Smith, with which we agree:
 
 
 3
 "There is, however, merit in defendants' contention that an untutored layman * * * might well be expected to consider that her situation, renting one apartment of what is undoubtedly built and equipped as what the public considers a two family dwelling to a number of roomers rather than to a family unit, came within the business property exception of property rented in part to others if a two family dwelling usually occupied in part by the insured. If the insurer desired to exclude rental to roomers of one apartment of a two family dwelling occupied in part by the insured it could easily have done so by language understandable by its insured. In these circumstances the ambiguity will be resolved against the insurer, which chose the language. Gaunt v. John Hancock Mutual Life Ins. Co., 2 Cir., 160 F.2d 599. * * * The policy as written is ambiguous in its definition of business property and might well be construed by a layman not to exclude coverage of business use such as rental to roomers of part of a two family dwelling usually occupied in part by the insured." So the insured could reasonably believe that she answered correctly that the "premises are occupied by two families," and that "no business activity" was "to be conducted on the premises."
 
 
 4
 Affirmed.