**Maureen Josephine TALBOT, Plaintiff,**

v.

**MANHATTAN FIRE & MARINE INSURANCE COMPANY, Defendant.**

United States District Court
S. D. New York.
March 20, 1956.

Donald A. Gray, New York City, for plaintiff. Wyllys S. Newcomb and Samuel C. Cantor, New York City, of counsel.

Greenhill & Greenhill, for defendant. Simon Greenhill, New York City, of counsel.

HERLANDS, District Judge.

This motion by defendant-insurance company for summary judgment is denied for the reasons set forth in this opinion.

The action, instituted on February 24, 1953, is based upon an insurance policy (commonly known as a Jewelry-Fur Floater) covering plaintiff's jewelry in the principal amount of $18,000. The answer, in addition to containing general denials, pleads eight defenses. The only defense involved in this motion is the "SIXTH" defense, which alleges, *inter alia*, that plaintiff swore falsely under oath as to her criminal record and conviction during her examination on April 30, 1952, which was conducted by defendant subsequent to plaintiff's filing a proof of loss.

Plaintiff was examined in regard to her claim for loss of insured jewelry on March 17, 1952 from a safe deposit box maintained by the Hotel Ambassador, New York City. Plaintiff was asked various questions concerning alleged prior arrests, detention or convictions in respect to any crime in any country. This line of questions related to certain alleged incidents in 1935. Plaintiff's answers were in the negative in response to such and similar questions. A transcript of plaintiff's examination has been submitted to the Court.

The insurance policy upon which plaintiff has brought suit became effective on March 10, 1952. It contains a provision which reads as follows:

"1. Misrepresentation and Fraud. This policy shall be void if the assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof or in case of any fraud, attempted fraud or false swearing by the Assured touching any matter relating to this insurance or the subject thereof, whether before or after a loss.

\* \* \* \* \* \*

"8. Examination Under Oath. The Assured shall submit \* \* \* to examination under oath by any persons named by the Company, relative to any and all matters in connection with a claim and subscribe the same."

The Court has analyzed in detail all of the facts contained in the motion papers and the numerous exhibits.

▮ Assuming *arguendo* that the facts submitted by defendant are true, it is this Court's view that they are immaterial as a matter of substantive law to defendant's liability under the policy, in that the provision with respect to "false swearing" does not cover the type of situation presented herein. In any event, and assuming further that the situation at bar comes within the coverage of the false swearing provision, there is a disputed question of fact which should not be disposed of summarily on this motion.

With respect to the immateriality of the alleged false swearing, it is to be observed that the alleged false swearing was committed after the filing of the claim or proof of loss, as distinguished from false swearing, in an insurance policy application. There was no false swearing or other misrepresentation which served to induce defendant to issue the policy involved herein.

It is a matter of serious doubt whether any false statement, under oath, made by an insured in the course of an examination in connection with his proof of loss, would enable defendant to void the policy. The false swearing provision is ambiguous. It does not specify the subject-matter of the false swearing with any degree of precision, but is couched in general terms "touching any matter relating to this insurance or the subject thereof." A literal application of this provision would mean that, if a person is examined after a loss and makes a false statement about his alleged criminal record in the remote past, or about some other collateral matter which might bear upon his general credibility, such false statement would automatically void the policy. The danger of injustice is emphasized by the absence of an application for the Jewelry-Fur Floater, which could require the disclosure of a past criminal record. Conceivably, an insured might, for personal reasons, be reluctant to disclose a long-past criminal record, although it would have no bearing upon the subject-matter of the claim.

▮ Because of the ambiguity of the false swearing provision, it should be construed strictly against the defendant, under the doctrine of *contra proferentem*. See Allstate Insurance Co. v. Pacific, 2 Cir., 1955, 228 F.2d 199, 200, affirming D.C.Conn.1954, 136 F.Supp. 379; Trinidad Corporation v. American Steamship Owners Mutual Protection & Indemnity Association, Inc., 2 Cir., 1956, 229 F.2d 57; Allstate Insurance Co. v. Erickson, 9 Cir., 1955, 227 F.2d 755, 756; Lucas v. Sun Life Assurance Co. of Canada,

D.C.Minn.1955, 136 F.Supp. 265, 267; Renner v. Firemen's Insurance Co. of Newark, New Jersey, D.C.E.D.Tenn.1955, 136 F.Supp. 114, 116; Hurd v. Illinois Bell Telephone Co., D.C.N.D.Ill.1955, 136 F.Supp. 125, 134. Cf. United States v. Lennox Metal Manufacturing Co., 2 Cir., 1955, 225 F.2d 302, 309-315; Cabell v. Markham, 2 Cir., 1945, 148 F.2d 737, 739.

Happy Hank Auction Co., Inc., v. American Eagle Fire Insurance Co., First Dept. 1955, 286 App.Div. 505, 145 N.Y.S.2d 206, relied upon by defendant, is sharply distinguishable on its facts from the case at bar.

If "false swearing" occurred, it was not of such a nature as to afford defendant the power to void the policy. Beyond that question of law, it is patently clear that there is a genuine issue of fact as to whether or not plaintiff did swear falsely.

Defendant's motion for summary judgment is denied. Settle order on notice.