JEANNE E. CUMMINGS and Another, Infants, by and through Their Guardian ad Litem, W. MARVIN RECTOR, Respondents, *v.* PHŒNIX MUTUAL LIFE INSURANCE COMPANY OF HARTFORD, CONN., Appellant.

Fourth Department, March 10, 1937.

*W. Clyde O'Brien,* for the appellant.

*Arthur VD. Chamberlain,* for the respondents.

SEARS, P. J.  Defendant on July 16, 1921, issued its policy of insurance on the life of Charles F. Cummings.  The plaintiffs are the beneficiaries.  The policy provided in substance that upon receiving proof of the death of the insured, the defendant would pay to the beneficiaries the sum of $1,500, or if death was accidental, the company would pay the sum of $3,000.  Charles F. Cummings' death occurred on the 24th day of December, 1934, as the result of a hypodermic injection of apo-morphine.

The first contention of the appellant is that the death of the insured was not accidental within the terms of the policy.  The provision of the policy involved is as follows:

" 20.  Double indemnity provision for accidental death.

" (a) The additional sum payable in event of the accidental death of the insured shall be due only if, with the proofs of death of the

insured required hereunder, the Company shall receive due proofs, (1) that such death occurred while this policy was in force and there was no default in the payment of any premium hereunder; (2) that the death of the insured resulted, directly and independently of all other causes, from bodily injuries effected solely through external, violent and accidental causes; (3) that there was evidence of such accidental death by a visible contusion or wound on the exterior of the body, except in case of drowning or of internal injuries revealed by an autopsy; (4) that such death occurred prior to the sixtieth anniversary of the insured's birthday and within ninety days of the date of the accident."

On the 24th day of December, 1934, the insured was more or less intoxicated, and in order to make him sleep and sober him, the wife of the insured, who was a trained nurse, mixed a double dose of a drug known as apo-morphine, and this was administered to him hypodermically by a friend of the insured's wife, who was also a trained nurse. The amount administered was an overdose and the insured very shortly after the administration died as a result of it. The court under these circumstances properly found both that the death was accidental and that there was evidence of such accidental death by a visible wound on the exterior of the body caused by the hypodermic needle. We need not consider the question whether a voluntary taking of an overdose would be deemed accidental. Here the hypodermic injection was administered by another and the administration of the overdose was accidental so far as the insured was concerned. (Cf. *Employers' Indemnity Corp.* v. *Grant*, 271 Fed. 136; 20 A. L. R. 1118, and note with cases cited; *Tabor* v. *Commercial Casualty Ins. Co.*, 104 W. Va. 162; 139 S. E. 656; 57 A. L. R. 968, and note with cases cited.)

The other contention of the appellant is that only the face amount of the policy, namely, $1,500, decreased in this case by the amount of loans, was payable.

The policy of insurance had lapsed on the 16th day of July, 1930, by reason of the failure to pay to the company the premium due on that day, and the only right to recover under the terms of the policy is based upon the following provision.

" 15. Automatic extended insurance. If this policy shall lapse and shall not have been surrendered to the Company, the insurance without any action by the owner will be automatically extended from date of lapse, if such lapse occurs two years or more from the date hereof, by applying the cash value at such time as a net single premium to purchase non-participating term insurance for the face amount of insurance hereunder, increased by the amount of any dividends or insurance additions and any Premium Deposit

Fund then standing to the credit hereof and decreased by the amount of any indebtedness to the Company on account of or secured by this policy."

There can be no doubt that $1,500 is the face amount of this policy. It is denominated by these very words " Face Amount " in the margin opposite the words " Fifteen Hundred Dollars " in its first promising clause, the extended indemnity provision makes its application contingent upon there having been no default in the payment of any premium — the cash surrender values are calculated upon that sum. There are definite provisions for a termination of the double indemnity and permanent disability clauses. On the whole policy it seems clear that the provision for extended insurance applies only to the $1,500 insurance. In the absence of statutory provision to the contrary, the terms of the policy must prevail and recovery be limited to $1,500, increased by amount of dividends or insurance additions and decreased by the amount of loans. (*Valenti* v. *Prudential Ins. Co.,* 71 F. [2d] 229; *Great Southern Life Ins. Co.* v. *Jones,* 35 id. 122; *Orr* v. *Prudential Ins. Co.,* 274 Mass. 212; 174 N. E. 204; *Hendricks* v. *Metropolitan Life Ins. Co.,* —— Cal. [2d] ——; 61 P. [2d] 1162; *Great Southern Life Ins. Co.* v. *Cunningham,* —— Tex. ——; 97 S. W. [2d] 692.) The respondent relies on the provisions of section 88 of the Insurance Law to require the company to pay the " full amount " of the insurance and not merely the face value and to bring the case within the scope of the decision in *New York Life Ins. Co.* v. *Rositzky* (45 F. [2d] 758; certiorari denied, 283 U. S. 829). Section 88 of the Insurance Law, however, is not applicable to this policy. It was not issued by a domestic insurance company but by a foreign insurance company incorporated in Connecticut and that section is specifically limited by its terms to policies issued by domestic companies. Foreign insurance companies doing business in this State must when required by statute issue policies containing specific clauses. These are provided for in section 101 of the Insurance Law but no provision for extended insurance is specifically included except that the options open to the policyholder in the event of default in a premium payment after three full annual premiums shall have been paid must be included. This was done in the present case by adequate clauses. We find nothing in the statutes to modify the terms of the policy in the respect under consideration. We need not determine what would be the effect of the provision on this policy if section 88 of the Insurance Law were applicable.

There is another reason why plaintiffs may not recover more than the face amount as increased and decreased as above referred to.

There is no proof in the record that the extended policy provisions, were they to be held to include double indemnity and permanent disability provisions, were in force at the date of the death of the insured.

For these reasons the judgment should be modified on the law by reducing the recovery to $1,298, with interest from May 23, 1935, the date of the filing with the defendant of proofs of death, without costs.

All concur, CUNNINGHAM, J., not voting. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and CUNNINGHAM, JJ.

Judgment modified on the law by reducing the recovery to $1,298, with interest from May 23, 1935, without costs, and as modified affirmed, without costs.