MARIE FLANDINA, Appellant, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent.

First Department, December 13, 1940.

*Matthew H. Brandenburg*, for the appellant.

*William B. Moore* of counsel [*Tanner, Sillcocks & Friend*, attorneys], for the respondent.

CALLAHAN, J. This appeal presents solely a question of law the decision of which depends upon the construction to be placed on two industrial life insurance policies issued by defendant, which policies contained identical provisions. These policies were Massachusetts contracts and, therefore, not affected by the provisions of section 88 (now § 208) of our Insurance Law. The issue involved is whether, under the common-law rules of construction applicable, the beneficiary was entitled to receive double indemnity.

The policies herein had been issued on March 28, 1928. After the date of issuance, and on January 1, 1929, defendant modified the policies so as to include an accidental death benefit provision. Each policy contained non-forfeiture benefits providing for automatic extension of insurance after the policies were in effect three years. The premiums were paid on the policies from 1928 to December 1, 1937. Thereafter no premiums were paid, but the policies were continued in force for an extended term under the non-forfeiture provisions until the time of the death of the insured, which took place on July 14, 1939, as the result of an accident.

The accidental death benefit provision contained in the policies reads as follows:

" Upon receipt of due proof that the Insured after attainment of age 15 and prior to the attainment of age 70, has sustained bodily injury, solely through external, violent and accidental means, occurring after the date of this policy and resulting in the death of the Insured within ninety days from the date of such bodily injury while this policy is in force, and while there is no default in the payment of premium, the Company will pay in addition to any other sums due under this policy and subject to the provisions of this policy an Accidental Death Benefit equal to the face amount of insurance stated in this policy less the amount of any disability benefit which has become payable under this policy on account of the same bodily injury, except as provided below: * * *. These provisions are granted without additional cost to the Insured.

" The additional benefit will be made retroactively applicable to existing Weekly Premium Policies not in default of premium payments under the terms of the above clauses when accidental deaths occur on and after January 1, 1929."

It will be seen that double indemnity was to be paid only while there was no " default " in the payment of premium.

The precise question presented is whether at the time of the death of the insured his failure to pay premiums from December 1, 1937, to the date of his death amounted to a " default " within the meaning of the clause above set forth.

In determining this question it is necessary to examine the provisions contained in the policies with respect to non-forfeiture benefits. This provision reads: " Non-Forfeiture Benefits.— Automatic Extended Term Insurance After Three Years. After premiums shall have been paid on this policy for three full years, then, in case of failure to pay any subsequent premium, the policy, without any further stipulation or act, will be binding on the Company for its full amount as Extended Term Insurance, commencing from the date to which the premiums shall have been paid, the length of the term to be determined by the period of premium payments, according to Table A. The insurance will wholly cease and expire at the end of the term of extension to which the policy is entitled under its conditions."

It is to be noted that the non-forfeiture benefit provided for the continuance of these policies as extended term insurance for the " full amount " thereof for a period depending on the amount of the insured's equity therein.

Extended term insurance purchased by reason of the non-forfeiture clause undoubtedly is purchased by the reserve value of the policy which is used as a single net premium.

We must, therefore, determine whether the clause eliminating double indemnity in the event of default in the payment of premium must be construed to eliminate the right to the benefit while extended term insurance was in force following non-payment of premiums and the application of the reserve value to purchase such term insurance. This question is to be tested by interpreting the policies of insurance in the light of the rules applicable to such contracts. One such rule is that we construe the language used as it would be understood in common speech. (*Mansbacher* v. *Prudential Insurance Co.*, 273 N. Y. 140.) Another such rule is that when a policy is ambiguous in its terms, the ambiguity should be construed in favor of the insured.

We think that " default " in payment of premiums, in common speech, connotes a situation different from one resulting in a mere change from one form of insurance to another by application of policy provisions. Ordinarily it would indicate some failure to pay a premium, which would be in some degree a breach of the contract requirements by the policyholder.

It is to be noted that in referring to the conditions which would bring about the application of the non-forfeiture benefits, the policy referred to these occurrences as " failures to pay " rather than " defaults." A distinction is thus made in the policy between a mere failure to pay and a default.

Assuming that the provision concerning non-payment of double indemnity in the event of a default in the payment of premium might, if standing alone, receive a construction favorable to the company, we think that this clause, when read together with the non-forfeiture provision which provides for the payment of the full amount during the extended term, would at least create an ambiguity. Accordingly, the rule that ambiguities must be construed in favor of the insured would require us to hold that double indemnity was payable.

Both sides call our attention to the decision in *Cummings* v. *Phœnix Mutual Life Insurance Co. of Hartford* (250 App. Div. 336 [4th Dept. 1937]). In that case a question arose quite similar to that involved in the present appeal. The court held that only single indemnity was payable. But the policy provisions in that case were materially different from those found in the present contract. There the non-forfeiture, or automatic extension clause provided for issuance of a non-participating term insurance for the " face " amount of insurance provided in the policy. The opinion of the court called attention to the fact that the amount of single indemnity was specifically denominated in the policy as the " face " amount thereof. The court, accordingly, held that there were definite provisions for the termination of the right to double indemnity which were applicable.

In the present case, instead of a promise to pay the face amount, there was a contract to pay the " full amount " of insurance in the event the extended term provisions took effect.

The cases from other jurisdictions called to our attention by the respondent likewise involved policies which contained clear conditions indicating an intention not to pay double indemnity where extended insurance became effective. The clauses found in the policies considered in those cases indicate that insurance companies can readily provide by suitable language for the suspension of double indemnity where it is the intention to do so. The terms expressed in the present policies do not show such intention. They must be construed to require payment of double indemnity during the extended term.

The determination appealed from should be reversed, with twenty dollars costs and disbursements in this court, and ten dollars costs in the Appellate Term, and the order of the Municipal Court modified by directing summary judgment in favor of the plaintiff.

UNTERMYER and COHN, JJ., concur; MARTIN, P. J., and TOWNLEY, J., dissent and vote to affirm.

MARTIN, P. J. (dissenting). The respondent insurance company issued two policies of insurance on the life of John P. McCambridge. The amount payable on death under each policy was $250. The policies were dated March 28, 1928, and contained the following provision: " Non-Forfeiture Benefits.— Automatic Extended Term Insurance After Three Years. After premiums shall have been paid on this policy for three full years, then, in case of failure to pay any subsequent premium, the policy, without any further stipulation or act, will be binding on the Company for its full amount as Extended Term Insurance, commencing from the date to which the premiums shall have been paid, the length of the term to be determined by the period of premium payments, according to Table A. The insurance will wholly cease and expire at the end of the term of extension to which the policy is entitled under its conditions."

On January 1, 1929, there was added to the policies an accidental death benefit provision reading as follows: " Accidental Death Benefit Provisions. Upon receipt of due proof that the Insured after attainment of age 15 and prior to the attainment of age 70, has sustained bodily injury, solely through external, violent and accidental means, occurring after the date of this Policy and resulting in the death of the Insured within ninety days from the date of such bodily injury while this Policy is in force, and while there is no default in the payment of premium, the Company will pay in addition to any other sums due under this Policy and subject to the provisions of this Policy an Accidental Death Benefit equal to the face amount of insurance stated in this Policy less the amount of any disability benefit which has become payable under this Policy on account of the same bodily injury, except as provided below: * * *."

Premiums were paid by the insured up to and including December 1, 1937. The insured died July 14, 1939. The appellant has been paid the face amount of each policy. The question that has arisen is: Did the accidental death benefit issued in 1929 continue with full force and effect or did this provision automatically cease when this policy was converted into an extended term policy?

On behalf of the appellant it is argued that as the respondent failed to expressly exclude the accidental death benefit from the extended term policy the provision must be deemed an integral part of the policy in question, and from the exact wording of the policy itself it must be concluded that when the policy in suit was operating as extended term insurance said policy contained the exact wording and provisions of the original policy, plus the additional benefit issued in 1929 and the entire contract of insurance continued until the death of the assured.

Our attention is called to *Cummings* v. *Phœnix Mutual Life Insurance Co. of Hartford* (250 App. Div. 336) and *Valenti* v. *Prudential Insurance Co.* (71 F. [2d] 229) as examples of specific express provisions excluding accidental death benefits under extended insurance. We note that in each case (in the *Cummings* case by the policy itself and in the *Valenti* case by operation of statute) it was provided that when the insured stopped paying premiums the cash value was to be taken as a " net single premium " to pay for insurance for the extended term.

It is argued that the theory of extended insurance is that as long as there is some money in the reserve fund of the policy and the assured ceases paying premiums, then the company withdraws from that cash reserve and pays to itself the premiums then due for and on behalf of the insured. Formerly a default in payment of a premium resulted in a complete forfeiture of the policy and the benefits thereof. Section 88 of the Insurance Law of this State, as it existed at the time the policies in question were written, was intended to remedy this inequitable situation. However, the defendant is a Massachusetts corporation and section 88 is inapplicable. (*Cummings* v. *Phœnix Mutual Life Insurance Co. of Hartford*, *supra*.)

On the policies before us the extended insurance did not come into effect until there had been failure to pay premiums after payment for three full years. When the accidental death benefit was added to the policies it was expressly provided that it would be effective " while there is no default in the payment of premium." " Payment of premium " means payment by an insured who understands that when he does not pay he is in default. The extended insurance provision could not take effect until there was a default in payment of premiums, and while there was a default in such payment the accidental death benefit was inapplicable. Whatever may be the mechanics of protecting the equities of an insured on his non-payment of premiums, it is clear that, on the policies before us, he did not pay a premium for his extended insurance, and his beneficiary is bound by the terms of his contract. The death here occurred during the extended insurance period and the beneficiary is not entitled to accidental death benefits. Other courts have construed similar provisions for extended insurance as not including death benefits. (*Orr* v. *Prudential Insurance Co.*, 274 Mass. 212; 174 N. E. 204; *Henricks* v. *Metropolitan Life Insurance Co.*, 7 Cal. [2d] 619; 61 P. [2d] 1162.) In the latter case it was pointed out that the great weight of authority is in accord with the view that double indemnity benefits are not carried over to nonforfeiture insurance.

The order of the Municipal Court and the determination of the Appellate Term should be affirmed, with twenty dollars costs and disbursements.

TOWNLEY, J., concurs.

Determination reversed, with twenty dollars costs and disbursements to the appellant in this court, and ten dollars costs in the Appellate Term, and the order of the Municipal Court modified by directing summary judgment in favor of the plaintiff.