DAVID LEVINSON, Respondent, v. AETNA CASUALTY AND SURETY COMPANY, Appellant.— Appeal from a judgment of the Supreme Court in favor of plaintiff, entered September 11, 1972 in Ulster County, upon a decision of the court at a Trial Term without a jury. The plaintiff, David Levinson, is a named defendant in an action for false arrest and malicious prosecution brought by David Kessler. He has a liability insurance policy with the defendant and contends that, pursuant to this policy, defendant is obligated to defend the action brought by Kessler. The defendant contends that such is not the case because the acts which gave rise to Kessler's action were intended to cause "personal injury" (see § 3.1, subd. ['b] of the policy) to Kessler and the injury to Kessler, if any, arose out of plaintiff's business pursuits. The trial court found that the policy did apply and that Aetna was required to defend plaintiff and pay any judgment recovered by Kessler. The conflict between the plaintiff and Kessler originated during the period December, 1964 through March, 1965 when Kessler was a guest at the Algiers Hotel in Miami Beach, Florida. Plaintiff was operating the hotel and also owned a 25% interest in the 2500 Collins Corporation which did business as the Hotel Algiers. Purportedly, at the behest of a mutual friend, Samuel Leinwand, he authorized the cashing by the hotel of several of Kessler's checks, including one to pay his hotel bill. When these checks were returned for insufficient funds, plaintiff was called upon to and did make good the loss to the hotel. He did this because he had approved Kessler's credit, although no assignment of the account or any cause of action was ever made from the hotel to plaintiff. Plaintiff then proceeded to make various efforts to collect payment from Kessler, all to no avail. Finally, on August 3, 1966, he signed an information charging Kessler with grand larceny. Kessler was arrested and indicted, but, after trial, the charges were dismissed. He then sued plaintiff to recover damages for malicious prosecution, libel, slander, false arrest and extortion, and it is this action which Aetna refuses to defend. Subdivision (g) of section 3.1 of the disputed policy provides that there is no coverage for personal injury and property damage "arising out of business pursuits of the insured", and Aetna claims that this clause absolves it of any liability to defend this action. We disagree. In *Fadden v. Cambridge Mut. Fire Ins. Co.* (51 Misc 2d 858, 862, affd. 27 A D 2d 487), it was held that: "To constitute a business pursuit, there must be

two elements: first, continuity and, secondly, the profit motive; as to the first, there must be a customary engagement or a stated occupation; and, as to the latter, there must be shown to be such activity as a means of livelihood, gainful employment, means of earning a living, procuring subsistence or profit, commercial transactions or engagements." Plaintiff's actions which resulted in the suit by Kessler do not meet these criteria. In approving Kessler's credit, he was doing his friend, Leinwand, a personal favor and not acting in his business capacity as operator and part-owner of the hotel. Furthermore, his efforts to collect from Kessler had no profit motive and were personal in nature, being an attempt to recover his pecuniary loss. From this, it follows that we need not discuss the exception to subdivision (g) of section 3.1 created by section 3.1 (subd. [g], par. [1]) of the policy for business pursuits " ordinarily incident to non-business pursuits " as we are not herein concerned with plaintiff's "business pursuits". Likewise, subdivision (b) of section 3.1 of the policy which denies coverage for an act " committed by or at the direction of the insured with intent to cause personal injury " is insufficient to nullify Aetna's duty to defend this action. Section 1 of the policy expressly includes coverage for personal injury arising out of malicious prosecution, false arrest, libel or slander. Thus, if a subsequent clause, as subdivision (b) of section 3.1, creates an ambiguity as to this coverage, such must be resolved against the insurer (*Hartol Prods. Corp.* v. *Prudential Ins. Co.*, 290 N. Y. 44). If an insurance policy or a clause thereof is reasonably susceptible of two different constructions, the one most favorable to the insured must be adopted (*Tonkin* v. *California Ins. Co. of San Francisco*, 294 N. Y. 326, 328, 329). Judgment affirmed, with costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.