CARL J. AUSTRIAN, JR., et al., as Executors of CARL J. AUSTRIAN, Deceased, Appellants, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.

First Department, May 22, 1975

*William Klein, II,* of counsel *(Osmond K. Fraenkel* with him on the brief; *Austrian, Lance & Stewart, P.C.,* attorneys), for appellants.

*Michael W. Brody* of counsel *(Werner Weinstock,* attorney), for respondent.

MURPHY, J. The instant action was brought to recover an aggregate sum of $11,500 in double indemnity benefits and

accrued dividends alleged to be due under two identical converted policies of ordinary life insurance issued by defendant in 1928 and 1930 in the original face amounts of $10,000 and $5,000, respectively.

The essential facts (including decedent's death by accidental means) are undisputed. After 25 years of continuous, uninterrupted premium payments, decedent, an attorney acting on the advice of his partner, requested conversion of each policy, which contained an accidental death benefit provision, to paid-up life insurance. In response to each such request, riders were attached to the policies, as follows:

"Premium payments on this policy having been discontinued as of [a certain date] the insurance hereunder is, in accordance with the election made by the owner, reduced to [a specified amount] of non-participating paid-up life insurance, payable at the same time and under the same conditions as this policy but without further payment of premiums."

The policies, however, contained only two specified methods for such conversion. The first permitted conversion into a fully paid-up *participating* whole life policy for the full face amount of the insurance thereunder (including disability and double indemnity benefits) whenever the policy's reserve plus dividend additions and accumulations equalled the net single premium for such paid-up policy. The second method, listed under "Options on Surrender Or Lapse", authorized certain defaulting policyholders "to purchase *non-participating* paid-up life insurance, payable at the same time and on the same conditions as this policy, but without Double Indemnity or Total and Permanent Disability benefits." (Emphasis supplied.)

Decedent was not in default under either policy; and there was an insufficient cash value or reserve to convert the policies into fully paid-up life insurance. Accordingly, neither conversion option referred to in the policies was available. Nevertheless, and despite the absence of any enabling clause in the policies, decedent sought paid-up life insurance in a reduced amount with double indemnity benefits; and, in our opinion, this is what he received.

In support of its contention that the double indemnity benefits did not survive the conversions, respondent stresses the fact that the policies did not provide for conversion, with double indemnity, at the lesser face amount; and that the use of the word "non-participating" in each rider clearly evi-

denced the parties' intention to invoke the option available on a default. However, under the circumstances of this case, we believe respondent's failure to refer to the default option or to inform decedent that the double indemnity benefits would be lost after his requested conversion was effected is fatal to its claim.

Both *Cummings v Phoenix Mut. Life Ins. Co.* (250 App Div 336), relied on by respondent, and *Flandina v John Hancock Mut. Life Ins. Co.* (260 App Div 706, affd 286 NY 630), relied on by appellants, are distinguishable from the instant case.

In both cases there was a failure to pay premiums and the sole question presented was whether such default precluded the payment of accidental death benefits under the particular policies there construed.

In *Cummings* the insurer prevailed because the policy clearly provided for payment of the "face amount" of insurance after the automatic extension clause of the policy became operable; and the beneficiaries succeeded in *Flandina* because the nonforfeiture benefits under the policy there interpreted required the insurer to pay the "full amount" of the policy if the extended term provision took effect.

In the present case there was no default, no lapse and no need to apply the "Options on Surrender or Lapse."

Concededly, we should refrain from rewriting insurance policies and give effect to the plain language of unambiguous clauses. *(Royce Furs v Home Ins. Co.,* 30 AD2d 238.) But it is equally fundamental that parties may revise their own insurance contracts and that all ambiguities therein are resolved against the insurer and in favor of the insured. *(Gram v Mutual Life Ins. Co. of N.Y.,* 300 NY 375; *Hartol Prods. Corp. v Prudential Ins. Co.,* 290 NY 44; *Levinson v Aetna Cas. and Sur. Co.,* 42 AD2d 811.) And since, on the facts here presented, the converted policies are clearly not free from ambiguity, we conclude that appellants must prevail.

Accordingly, the judgment of Supreme Court, New York County (ROSENBERG, J.), entered November 7, 1973, in favor of defendant, should be reversed, on the law and on the facts, and judgment entered in favor of plaintiffs for the relief sought, with costs.

LUPIANO, J. (dissenting). The critical issue on this appeal is whether the two life insurance policies issued by defendant in

1928 and 1930 on the life of decedent in the amounts of $10,000 and $5,000, were converted under one of the two specified methods for such conversion provided in said policies, and if so, under which method, or whether the conversion occurred as a consequence of a revision of the policies entered into between the decedent and defendant. Initially, it is noted that in all relevant and critical respects, the policies are clear and unambiguous. They provided for conversion in pertinent part as follows:

"CONVERSION TO PAID-UP POLICY. The Society, upon written request, and the return of this policy, will convert this policy into a fully paid-up *participating* whole life policy *for the face amount* of insurance hereunder, whenever the Reserve on this policy * * * equals the net single premium for such paid-up policy * * *.

"OPTIONS ON SURRENDER OR LAPSE. Within three months after default in the payment of any premium after two full years' premiums have been paid, the Insured may surrender this policy and elect one of the following Options: * * * (b) To purchase *non-participating* paid-up life insurance, payable at the same time and on the same conditions as this policy, but without Double Indemnity or Total and Permanent Disability benefits" (emphasis supplied).

Decedent, an attorney, by letter and an accompanying request, respectively dated December 16 and 15, 1955, directed the defendant to endorse the $5,000 policy for "paid-up non-participating life insurance, including the 1955 dividend in the transaction, effective as of January 14, 1956" and upon the effectuation of such conversion, to return the policy to him. By letter dated January 12, 1956, this policy was returned to decedent, endorsed for paid-up nonparticipating life insurance, as requested. It was also noted in this letter that "if death occurred prior to the end of the three month period allowed for making an election, death claims would be based on premiums paid to December 14, 1955 and not on the reduced paid-up". The endorsement dated January 10, 1956, attached by defendant to said policy, entitled "Non-Participating Paid-Up Life Insurance", provided as follows: "Premium payments on this policy having been discontinued as of December 14, 1955 the insurance hereunder is, in accordance with the election made by the owner reduced to Three Thousand Three Hundred Forty Seven Dollars ($3347.00) of non-participating paid-up Life insurance, payable at the same time

and under the same conditions as this policy but without further payment of premiums".

Patently, the election made by decedent, there being an insufficient cash value or reserve to convert the policy into *fully paid-up participating* life insurance, was effected under the method listed under "OPTIONS ON SURRENDER OR LAPSE". Decedent was fully aware that the $5,000 policy was converted into nonparticipating paid-up life insurance in the reduced amount of $3,347 and at no time did he dispute the assertion that premium payments on the original policy were discontinued *as of* December 14, 1955.

Similarly, by letter dated February 28, 1956, directed to defendant, decedent acknowledged receipt of defendant's bill for premium due March 15, 1956 on the $10,000 policy and forwarded said policy together with the request that it be converted into paid-up life insurance. Of critical significance was the statement therein that "according to [his] calculations, the paid-up value should be between $7,000 and $8,000". The policy was returned by letter dated March 16, 1956, endorsed for paid-up insurance as requested. The endorsement attached to this second policy is similar to that attached to the other policy. Subsequent correspondence between the parties emphasizes the fact that decedent was completely aware that the policies were converted into paid-up nonparticipating life insurance in amounts less than their original face amount.

Under these circumstances, it is perfectly clear that the parties recognized that decedent had no intention of continuing to pay premiums with respect to the policies and desired to exercise an election to convert same into paid-up nonparticipating life insurance in amounts less than the face amount, thus evincing a clear resolve to exercise his option under the method delineated in the provisions entitled "OPTION ON SURRENDER OR LAPSE". To this end, decedent surrendered the policies to defendant for endorsements in accordance with his requests. There is no showing on the present record of any revision entered into by the decedent and the defendant of the policies of insurance providing for exercise of an option to convert in some manner and with consequences other than those specifically provided for in the original policies prior to conversion. As aptly conceded by the majority, "we should refrain from rewriting insurance policies and give effect to the plain language of unambiguous clauses". To hold, therefore, under the circumstances herein, that decedent, an attorney,

obtained conversion of the policies to paid-up nonparticipating life insurance with the continued inclusion of disability and double indemnity benefits (allowable *only* upon conversion to *fully* paid-up participating whole life policy whenever the policy's reserve plus dividend additions and accumulations equaled the net single premium for such paid-up policy), contradicts the clear and unambiguous provisions of these insurance agreements. In effect, the majority, under a claim of ambiguity in the agreements with consequent revision of those agreements, has rewritten the insurance policies.

Accordingly, I dissent and conclude that the judgment of the Supreme Court, New York County (ROSENBERG, J.), entered November 7, 1973, in favor of defendant, should be affirmed.

LANE and NUNEZ, JJ., concur with MURPHY, J. P.; LUPIANO, J., dissents in an opinion and CAPOZZOLI, J., concurs in dissent of LUPIANO, J., and would also affirm for reasons stated by SAMUEL ROSENBERG, J., at Trial Term.

Judgment, Supreme Court, New York County entered on November 7, 1973, reversed, on the law and on the facts, and judgment entered in favor of plaintiffs for the relief sought. Appellants shall recover of respondent $60 costs and disbursements of this appeal.

Settle order on notice.