■ KIM SOON CHA, Respondent, v EQUITABLE VARIABLE LIFE INSURANCE COMPANY, Appellant. [626 NYS2d 207] —In an action to recover accidental death benefits under a life insurance policy, the defendant appeals from (1) an order of the Supreme Court, Kings County (Ramirez, J.), dated January 4, 1994, which granted the plaintiff's motion for summary judgment on her first cause of action and denied the defendant's cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered February 17, 1994, which is in favor of the plaintiff and against the defendant in the principal sum of $100,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the defendant's cross motion for summary judgment is granted, the plaintiff's motion is denied, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The defendant issued a life insurance policy to the plaintiff's husband, who was shot and killed during a robbery approximately 6½ years later. The defendant paid the plaintiff, the designated beneficiary, the basic death benefit of $100,000 pursuant to the terms of the policy. However, the defendant

declined to pay the accidental death benefit under a rider to the policy, claiming that such benefit had terminated upon nonpayment of a premium prior to the insured's death. The plaintiff then commenced this action to recover the $100,000 accidental death benefits.

In accordance with Insurance Law § 4221 (a), the policy issued to the deceased contained a nonforfeiture provision. Upon nonpayment of a premium before the end of the grace period, the policy lapsed, but the net cash value could be used to continue insurance on a limited basis as extended term insurance for the "insurance amount", specified in the policy to be $100,000. The policy explicitly excluded any accidental death benefit from its nonforfeiture benefits.

The Insurance Law does not require an insurer to include accidental death benefits as part of the nonforfeiture benefits under a life insurance policy (see, Insurance Law § 4221 [m] [3]). In this case, the clear and unambiguous terms of the policy provided for extended term insurance in the sum of $100,000 only, and excluded the $100,000 accidental death benefit. Consequently, the plaintiff was not entitled to recover such additional benefit (see, Cummings v Phoenix Mut. Life Ins. Co., 250 App Div 336).

We have considered the plaintiff's argument regarding notice and find it to be without merit. Balletta, J. P., Ritter, Altman and Goldstein, JJ., concur.