■ In the Matter of BRUA CAB CORP. et al., Appellants, v ROYAL INDEMNITY COMPANY, Respondent. [713 NYS2d 746] —In a proceeding pursuant to CPLR article 75 to vacate two arbitration awards, the petitioners appeal from an order of the Supreme Court, Queens County (Kassoff, J.), dated June 7, 1999, which denied the petition and confirmed the awards.

Ordered that the order is affirmed, with costs.

On September 4, 1990, an insured of the respondent, Royal Indemnity Company (hereinafter Royal), was involved in an automobile accident with a cab which was owned by the petitioner Brua Cab Corporation, and bonded by the petitioner Washington International Insurance Company. On July 12, 1993, Royal commenced an action to recover first-party no-fault benefits paid as a result of the accident. It is undisputed that rather than commencing an action, Royal was limited to compulsory arbitration to recover its claims (see, Insurance Law § 5105 [b]). On November 21, 1996, Royal did in fact file its demands for arbitration of the claims. Ultimately, the arbitrator awarded Royal 95% of its claims.

Brua and Washington contend that the arbitrator misapplied the applicable three-year Statute of Limitations (CPLR 214 [2]), and should not have awarded Royal reimbursement

for any payments made more then three years before the filing of the claims for arbitration. However, the arbitration claims related back to the inadvertent commencement of the action at law, which was timely (*see,* 11 NYCRR 65.10 [d] [5] [i]; *Matter of MVAIC v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 221-222; *Matter of Liberty Mut. Ins. Co. v State Farm Mut. Auto. Ins. Co.,* 265 AD2d 412; *Matter of Brinks, Inc. v Commercial Union Ins. Co.,* 217 AD2d 620, 621). Therefore, the arbitrator's award will not be disturbed, as it was supported by the evidence and was not arbitrary or capricious (*see, Matter of MVAIC v Aetna Cas. & Sur. Co., supra*). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.