■ In the Matter of WILHELMINA JENKINS, Respondent, v EMPIRE/ALLCITY INSURANCE COMPANY, Appellant. [735 NYS2d 138] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, dated August 23, 2000, the appeal is from an order of the Supreme Court, Kings County (Mason, J.), dated January 23, 2001, which, *inter alia*, granted the petition and denied the appellant's cross application to confirm the award.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the cross application is granted.

The petitioner was involved in an 18-car chain-reaction accident in which the vehicle she was driving was hit in the rear and side after she had stopped. The police report identified the 18 vehicles by their license plate numbers, owners' names, and insurance codes. Thereafter, the petitioner made a claim for uninsured motorist's benefits under the uninsured motorist provision of her insurance policy (hereinafter the UM provision). That claim ultimately went to arbitration and the arbitrator denied it.

The petitioner commenced this proceeding to vacate the arbitration award. She alleged that the arbitrator exceeded his authority by requiring her to identify the vehicle or vehicles which struck her car and thus the award should be vacated. The Supreme Court, in a conclusory order that gave no reason for its determination, *inter alia*, vacated the arbitration award. We reverse.

An arbitration award in a mandatory arbitration proceeding, such as this one, may be upheld only if it is supported by the evidence and is not arbitrary and capricious (*see, Matter of MVAIC v Aetna Cas. & Sur. Co.*, 89 NY2d 214; *Matter of Brua Cab Corp. v Royal Indem. Co.*, 275 AD2d 778). In this case the award was supported by the evidence.

The UM provision of the appellant's insurance policy provides, *inter alia*: "1. Damages for Bodily injury Caused by Uninsured Motor Vehicles. We will pay all sums which the insured, as defined herein, or the insured's legal representative, shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, and caused by accident arising out of such uninsured motor vehicle's ownership, maintenance or use * * * 2. Definitions * * * (b) Uninsured Motor Vehicle. The term 'uninsured motor vehicle' means a motor vehicle that through its ownership, maintenance or use, results in bodily injury to an insured, and for which: (1) No bodily injury liability insurance policy or bond applies to such vehicle (including a vehicle that was stolen, operated without the owner's permission, or unregistered) at the time of the accident; or (2) Neither the owner nor driver can be identified, including a hit-and-run vehicle, and which causes bodily injury to an insured." Thus, to recover under the clear language of this portion of the UM provision of her policy, the claimant must show, *inter alia*, that the vehicle that struck her car was either uninsured, or that neither the owner nor the operator could be identified (*see, Austrian v Equitable Life Assur. Socy.*, 48 AD2d 144, *affd* 39 NY2d 477).

The arbitrator's rejection of the petitioner's bare assertion that the vehicle which struck her car could not be identified had a rational basis in the record. The record demonstrates that all of the vehicles involved in this accident were identified and insured, and there was no allegation that any vehicle fled the scene. Furthermore, in opposing the petition, the appellant offered uncontroverted proof that the petitioner had sued the owners and operators of at least two of the vehicles involved in the accident, alleging that the negligence in the operation of those vehicles caused her injuries.

Since the petitioner failed to meet her burden of showing that her car was struck by a vehicle or vehicles which could not be identified, as required by the UM provision of her insurance policy, the arbitrator's determination is supported by the record (see, Matter of MVAIC v Aetna Cas. & Sur. Co., supra; Don v MGM Transp. Corp., 279 AD2d 446; Matter of Brua Cab Corp. v Royal Indem. Co., supra; see also, 11 NYCRR 60-2.3).

The petitioner's contention that the arbitrator exceeded his authority by requiring her to identify the vehicle which struck her vehicle is without merit. O'Brien, J. P., Florio, Schmidt and Townes, JJ., concur.