■ In the Matter of METRO MEDICAL DIAGNOSTICS, P.C., Appellant, v EAGLE INSURANCE COMPANY, Respondent. [741 NYS2d 284] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated April 25, 2001, which denied the petition and confirmed the award.

Ordered that the order is affirmed, with costs.

The petitioner attempted to recover $911.99 in no-fault benefits from Eagle Insurance Company (hereinafter Eagle) for medical treatment rendered to its assignor, Hubert Laguerre, for injuries which he allegedly suffered in a car accident. The petitioner submitted the bill to Eagle on September 8, 1997, and Eagle denied the claim on December 11, 1997. The denial was based on the injured person's examination under oath. The petitioner sought arbitration pursuant to Insurance Law § 5106. Eagle defended against the claim at arbitration contending that the collision was a deliberate event caused for the purposes of committing insurance fraud. The arbitrator found in favor of Eagle on this basis, a master arbitrator affirmed the arbitrator's determination, and the Supreme Court confirmed the master arbitrator's award. The petitioner appeals. We affirm.

Contrary to the petitioner's contention, if the collision at issue was a deliberate event caused in the furtherance of an in-

surance fraud scheme, it would not be a covered accident (*see Matter of Progressive Northwestern Ins. Co. v Van Dina,* 282 AD2d 680; *Allstate Ins. Co. v Bostic,* 228 AD2d 628; *Matter of Aetna Cas. & Sur. Co. v Perry,* 220 AD2d 497, 498; *Matter of Travelers Indem. Co. v Morales,* 188 AD2d 350, 351; *McCarthy v Motor Vehicle Acc. Indem. Corp.,* 16 AD2d 35, 41-42, *affd* 12 NY2d 922). Eagle was not precluded from asserting this defense despite its untimely denial of the claim (*see Central Gen. Hosp. v Chubb Group of Ins. Co.,* 90 NY2d 195, 201; *Town of Oyster Bay v Employers Ins. of Wausau,* 269 AD2d 387, 389; *cf. Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 90 NY2d 274, 281 [insurer required to deny claim within 30 days if defense against an otherwise valid claim was based upon statutory reason of intoxication]), and the arbitrator properly accepted evidence on this issue (*see* 11 NYCRR 65.17 [b] [5] [xiii] [a]; *cf. Matter of Silverman,* 61 NY2d 299, 308). Furthermore, the arbitrator's decision was amply supported by the evidence in the record, and his determination was not arbitrary and capricious (*see Matter of Motor Vehicle Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 224; *Matter of Jenkins v Empire/Allcity Ins. Co.,* 289 AD2d 331; *Matter of Brua Cab Corp. v Royal Indem. Co.,* 275 AD2d 778, 779).

The petitioner's remaining contentions are without merit. Altman, J.P., McGinity, Townes and Crane, JJ., concur.