OPINION OF THE COURT
Cheryl F. Coleman, J.
Plaintiff commenced this commercial claims action to recover $1,299.74 for payment of two bills it sent to defendant for services rendered by plaintiff to Monise Chery. Monise Chery had executed an°assignment of no-fault benefits to plaintiff and *541 plaintiff sent two bills for services. A trial was held on October 16 and 23, 2002. The court makes the following findings of fact:
The first bill sent to defendant by the plaintiff was in the sum of $110.53 for services performed on July 2, 2001. That bill was received by defendant on July 20, 2001, and defendant sent plaintiff a “denial of claim form” on August 21, 2001. The second bill was in the sum of $1,189.21 for services performed on June 20 and July 16, 23 and 25, 2001. That bill was received by defendant on August 24, 2001, and defendant sent plaintiff a “denial of claim form” on September 24, 2001.
Plaintiff has five or more offices set up in various locations in New York State for the purpose of conducting psychotherapy on patients. Plaintiff has a management company, Battle Hill Management, that arranges this office space for plaintiff in doctors’ offices at various locations in New York State. Battle Hill Management is located at 139 Swannekin Road, Blauvelt, New York, the same address as plaintiff’s billing office. The physicians, whose offices plaintiff occupies, routinely send patients that they see to plaintiff’s psychometrician for screening. These “psychotherapy” offices are generally staffed by an employee of plaintiff other than Dr. Jonathan Kogen, a psychologist licensed to practice in the State of New York, who testified at the trial. Dr. Kogen is the sole licensed psychologist responsible for “active and personal supervision over” the psychometricians/psychotherapists he employs in plaintiff’s offices. The psychometricians/psychotherapists he employs need no formal training or education in psychotherapy. A psychometrician/psychotherapist (hereinafter psychometrician) is hired by Dr. Kogen based upon his determination that the candidate is “friendly, empathic, * * * is psychologically minded and that they can talk to people.” Generally, and specifically in this case, the psychometrician conducts up to seven tests with the patient (four of them written tests). The psychometrician determines a course of therapy based upon the results of these tests. The psychometrician may discuss the course of therapy with Dr. Kogen, but Dr. Kogen has no recollection of that in this case. In fact, most patients never meet Dr. Kogen, and in this case, Dr. Kogen never met the patient, Monise Chery. The only employee of plaintiff that ever met with Monise Chery was her psychometrician, Michele Rauman (phonetic spelling). Dr. Kogen instructs the psychometricians to take brief notes (defendant’s exhibit E shows notes two to three sentences in length for each session) of their sessions with their patients. He testified that these notes are not *542 important for the treatment of the patients. Yet usually, these notes are all that Dr. Kogen reviews regarding his patients. In this case, Dr. Kogen testified that he did not review the psychometrician’s notes regarding Monise Chery until after her last session on July 25, 2002.
Section 1804-A of the Uniform City Court Act sets forth the procedure to be followed when conducting a commercial claims trial. The court is required “to do substantial justice between the parties according to the rules of substantive law” (UCCA 1804-A; see also, Blair v Five Points Shopping Plaza, 51 AD2d 167 [3d Dept 1976]).
In the instant action, plaintiff states that the court should grant judgment in plaintiff’s favor since defendant failed to deny plaintiff’s claims within 30 days, as required by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3). (See also, Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997].)
Defendant argues otherwise. Plaintiff is entitled to payment on these claims under the workers’ compensation fee schedule and under the no-fault regulations only if Dr. Kogen provides “active and personal supervision over an authorized psychologist.” Defendant alleges that plaintiff is misrepresenting Dr. Kogen’s active role in these cases, and specifically in the case of Monise Chery, and that this misrepresentation negates the necessity for a 30-day denial. Defendant cites Central Gen. Hosp. v Chubb Group (90 NY2d 195 [1997]) to support this proposition. The Court of Appeals in this case ruled that the insurer’s untimely disclaimer does not prevent it from raising a defense of lack of coverage based upon the fact or founded belief that the alleged injury did not arise out of an insured incident. Defendant analogizes that an insurer’s untimely disclaimer should not prevent it from raising a defense of lack of coverage based upon the fact or founded belief that the claims are a result of claimant’s fraud or misrepresentation of a critical issue; in this case plaintiff’s misrepresentation of Dr. Kogen’s active role in this case. Defendant also cites Matter of Metro Med. Diagnostics v Eagle Ins. Co. (293 AD2d 751, 752 [2d Dept 2002]), where the Court held that “if the collision at issue was a deliberate event caused in the furtherance of an insurance fraud scheme, it would not be a covered accident,” and the insurer “was not precluded from asserting [that] defense despite [the insurer’s] untimely denial of the claim.”
This court agrees with the defense. The Court of Appeals did not intend the issue of fraud to escape the notice of the court *543 simply because of a late denial. If the denial is untimely or if there is no denial as required, the insurer is precluded from offering a defense which is not based on lack of coverage. (Central Gen. Hosp. v Chubb Group, 90 NY2d 195 [1997], supra; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997], supra.) Plaintiffs argument would have the court suppress on a technicality the issue and evidence of fraud, making the court a party to the fraud.
Accordingly, it is the determination of this court that plaintiff misrepresented Dr. Kogen’s active role in this case. The facts show that Dr. Kogen did not provide “active and personal supervision over” the psychometrician, Michele Rauman, in this case. In fact, Dr. Kogen did not ever see Monise Chery or speak to Michele Rauman about her patient. He simply reviewed Michele Rauman’s brief notes after the patient’s therapy had been completed. Therefore, the court must dismiss plaintiffs claim.