OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, unanimously reversed without costs, plaintiffs motion for summary judgment granted and matter remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees.
In this action to recover first-party no-fault benefits for medical services rendered to its assignor, plaintiff established a prima facie entitlement to summary judgment by proof that it submitted the claims, setting forth the fact and the amounts of the losses sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; A.B. Med. Servs. PLLC v Lumbermens Mut. Cas. Co., 4 Misc 3d 86 [App Term, 2d & 11th Jud Dists 2004]; Damadian MRI in Elmhurst v Liberty Mut. Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51700[U] [App Term, 9th & 10th Jud Dists 2003]). Contrary to the determination of the court below, defendant’s denial of claim form, indicating the dates on which the claims were received, adequately established that plaintiff sent, and that defendant received, the claims (see Capio Med., P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 129[A], 2005 NY Slip Op 50526DJ] [App Term, 2d & 11th Jud Dists 2005]; A.B. Med. Servs. v New York Cent. Mut. Fire Ins. Co., 3 Misc 3d 136[A], 2004 NY Slip Op 50507[U] [App Term, 2d & 11th Jud Dists 2004]). Defendant’s denial of claim forms indicate that defendant’s denial of plaintiffs claims was not timely made within the 30-day statutory period within which it was required to pay or deny the claim (11 NYCRR 65-3.8 [c]). Accordingly, defendant is precluded from raising most defenses (see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 282 [1997]), including its defenses of nonconformity with the workers’ compensation schedules and excessive billing (see New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co., 295 AD2d 583, 586 [2002]; Capio Med., P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 129[A], 2005 NY Slip *99 Op 50526[U] [2005], supra; Triboro Chiropractic & Acupuncture, PLLC v New York Cent. Mut. Fire Ins. Co., 6 Misc 3d 132[A], 2005 NY Slip Op 50110[U] [App Term, 2d & 11th Jud Dists 2005]).
Defendant also denied the claims on the ground that the response submitted by plaintiff’s assignor to defendant’s wage verification request was fraudulent. In support thereof, defendant submitted the affirmation of its attorney and an attached unsworn report of a handwriting expert, who compared the writing in the wage verification form submitted by the plaintiffs assignor and the wage verification form submitted by another claimant “involved” in the subject accident, and concluded that the forms had been prepared by the same individual, but could not give an opinion regarding the two signatures “because of the lack of similar letters.” Defendant argues that, despite its untimely denial, it is not precluded from asserting its defense of fraud. Defendant’s argument is without merit.
We note at the outset that the documentation submitted by defendant in support of its fraud defense, consisting of the affidavit of its attorney who is without personal knowledge, and the unsworn affidavit of a handwriting expert, does not constitute competent proof in admissible form (see A.B. Med. Servs. PLLC v State-Wide Ins. Co., 7 Misc 3d 136[A], 2005 NY Slip Op 50785[U] [App Term, 2d & 11th Jud Dists 2005]). In any event, defendant has failed to establish that its defense of fraud is not subject to the 30-day preclusion remedy.
In Central Gen. Hosp. v Chubb Group of Ins. Cos. (90 NY2d 195, 199 [1997]), the Court of Appeals held that
“despite . . . [an insurer’s] failure to reject a claim within the 30-day period prescribed by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3) [now 11 NYCRR 65-3.8 (c)], [it] may assert a lack of coverage defense premised on the fact or founded belief that the alleged injury does not arise out of an insured incident.” (Emphasis supplied.)
The Court specifically distinguished the insurer’s defense that the injuries were unrelated to the accident, a defense implicating “no coverage at all” (id. at 202), and hence exempt from the preclusion remedy, from the insurer’s defense of excessive medical treatment, which involves “excusai from payment of some part of no-fault benefits—a matter of degree at best” (id.), and is subject to the preclusion remedy. The lack of coverage defense also applies to a “collision . . . caused in the furtherance of an *100 insurance fraud scheme” (see Matter of Metro Med. Diagnostics v Eagle Ins. Co., 293 AD2d 751, 751-752 [2002]) but does not encompass the defense of provider fraud which is precluded by an insurer’s untimely denial (see Melbourne Med., P.C. v Utica Mut. Ins. Co., 4 Misc 3d 92 [App Term, 2d & 11th Jud Dists 2004]).
In the instant case, the defendant’s submissions in support of its defense of fraud fail to establish a lack of coverage defense that may be deemed exempt from the preclusion remedy. The expert’s conclusions are insufficient to raise an issue of fact as to whether the medical services rendered “do[ ] not arise out of an insured incident” (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d at 199), so as to implicate a lack of coverage issue. Moreover, the acts allegedly constituting the fraudulent conduct are inadequate to demonstrate that the accident was in furtherance of an insurance fraud scheme so as to invoke the lack of coverage defense and exemption from the preclusion remedy (see Matter of Metro Med. Diagnostics v Eagle Ins. Co., 293 AD2d 751 [2002], supra).
Accordingly, summary judgment is granted in favor of plaintiff and the matter is remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.
Rudolph, RJ., Angiolillo and Tanenbaum, JJ., concur.