■ VALLEY PSYCHOLOGICAL, P.C., Appellant, v LIBERTY MUTUAL INSURANCE COMPANY, Respondent. [816 NYS2d 239]—

Kane, J. Appeal from an order of the County Court of Albany County (Breslin, J.), entered May 16, 2005, which affirmed an order of the City Court of the City of Albany dismissing the claim.

Plaintiff alleges that it provided psychological testing and psychotherapy to a woman after her involvement in a motor vehicle accident. It is undisputed that the woman was injured in an accident involving a vehicle insured by defendant, thus invoking coverage by defendant. As assignee of the woman's no-fault insurance claims, plaintiff submitted to defendant two bills for services rendered. Defendant denied both claims, but those denials were issued more than 30 days after the claims were received. Plaintiff filed a commercial claim in Albany City Court seeking payment. At trial, defendant asserted a defense of provider fraud, alleging that plaintiff submitted fraudulent bills because its principal licensed psychologist did not provide active and personal supervision over the employees providing services to plaintiff's assignor as required by workers' compensation schedules.* City Court determined that defendant's assertion of a fraud defense was not precluded by its untimely denial, then dismissed the claim based on the fraud defense (195 Misc 2d 540 [2002]). Upon plaintiff's appeal, County Court affirmed. Plaintiff now appeals to this Court.

Because defendant's untimely denial precluded it from asserting the defense raised here, plaintiff was entitled to judgment in its favor. While our review of this City Court claim is limited to whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; *see Sten v Desrocher,* 8 AD3d 915, 915 [2004]), the misapplication of substantive law in this case mandates a reversal. The law requires an insurer to accept or deny a claim for no-fault benefits within 30 days after the claimant provides

---

* Medical providers must comply with workers' compensation payment schedules to qualify for payment under the no-fault law (*see* Insurance Law § 5108; 11 NYCRR 68.1)

proof of the claim (*see* Insurance Law § 5106 [a]; 11 NYCRR former 65.15 [g]; *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 278 [1997]). An insurer that fails to deny a claim within the 30-day period is precluded from raising most defenses (*see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., supra* at 282; *Loudermilk v Allstate Ins. Co.*, 178 AD2d 897, 898 [1991]; *Ultra Diagnostics Imaging v Liberty Mut. Ins. Co.*, 9 Misc 3d 97, 98 [2005]). Untimely disclaimers, however, do not preclude an insurer from denying liability "on a strict lack of coverage ground" (*Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195, 198 [1997]).

Defendant successfully argued in City Court and County Court that its fraud defense asserted a lack of coverage thereby rendering its untimely denials irrelevant. We disagree. In contrast to fraudulent conduct such as staging an automobile accident, which results in no coverage at all—thus not requiring a timely denial—coverage is not extinguished by allegations, or even proof, that a medical services provider unilaterally schemed to defraud the insurer by providing unnecessary or excessive treatment—thus requiring a timely denial to avoid preclusion of the defense (*see Ultra Diagnostics Imaging v Liberty Mut. Ins. Co., supra* at 99-100; *Fair Price Med. Supply Corp. v Travelers Indem. Co.*, 9 Misc 3d 76, 78-79 [2005]; *Melbourne Med., P.C. v Utica Mut. Ins. Co.*, 4 Misc 3d 92, 94 [2004]). In fact, the Court of Appeals expressly noted that the fraud exception from preclusion for untimely denials does not apply to a defense that the provider's treatment was excessive, as that defense does "not ordinarily implicate a coverage matter" (*Central Gen. Hosp. v Chubb Group of Ins. Cos., supra* at 199, 202). Because the defense raised here was analogous to an argument that the treatment was excessive or unnecessary, it does not implicate coverage and therefore required a timely denial. Since defendant's fraud defense was precluded, substantial justice was not meted out according to the substantive law, requiring reversal and remittal for City Court to determine the amount of judgment to be entered in plaintiff's favor (*see* UCCA 1807).

Crew III, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the City Court of the City of Albany for further proceedings not inconsistent with this Court's decision.