■ COUNTRY-WIDE INSURANCE COMPANY, Appellant, v 3-M PRODUCTION SALES et al., Respondents. — In an action by an insurer to recoup first-party benefits paid on behalf of its insured, plaintiff appeals from an order of the Supreme Court, Nassau County (Velsor, J.), dated July 1, 1982, which granted defendants' motion to dismiss the complaint for failure to state a cause of action. Order affirmed, with costs. The motion at bar arises out of an automobile accident which occurred on March 12, 1979. On that date, Andrea Michaels brought her car to a stop at a red light. The vehicle, which was owned by plaintiff's insured Theodore Michaels, was thereupon struck in the rear by a car operated by defendant Sean Hanley and owned by defendant 3-M Production Sales. As a result of the accident, Ann Virga and Frank Virga were injured and subsequently commenced an action against Theodore Michaels. The action was ultimately settled for $28,000 of which plaintiff, as Michaels' insurer, paid $8,830 in first-party benefits. Thereafter, plaintiff commenced this action against the defendants to recoup the sum it paid as part of the Virga settlement. Special Term granted the defendants' motion to dismiss the complaint for failure to state a cause of action. The court held that the complaint was defective because it failed to allege that the first-party benefits in question were paid to a noncovered person. We affirm but for a different reason than that which was articulated by Special Term. One of the prime objectives of article 18 of the Insurance Law, known as the No-Fault Law, is the limitation of tort actions arising out of automobile accidents (see *Montgomery v Daniels,* 38 NY2d 41). In keeping with that objective, the right of an insured or his insurer to commence an action against the wrongdoer in an automobile accident has been significantly circumscribed. The relevant statute here is subdivision 2 of section 673 of the Insurance Law which provides in pertinent part: "In any action by or on behalf of a covered person, *against a noncovered person,* where damages for personal injuries arising out of the use or operation of a motor vehicle or a motorcycle may be recovered, an insurer which paid or is liable for first party benefits on account of such injuries shall have a lien against any recovery to the extent of benefits paid or payable by it to the covered person * * * The failure of such person to commence *such action* within two years after the accrual thereof shall operate to give the insurer a cause of action for the amount of first party benefits paid or payable against any person who may be liable to the covered person for his personal injuries, which cause of action shall be in addition to the cause of action of the covered person; provided, however, that in any action subsequently commenced by the covered person for such injuries, the amount of his basic economic loss shall not be recoverable." (Emphasis supplied.) A plain reading of the statute indicates that an insurer has a very limited right to commence an action to recover first-party benefits which it has paid or is obligated to pay. That right arises only where a covered person has, but does not avail himself of, a right of action to recover damages for personal injuries against a noncovered person (see *Safeco Ins. Co. of Amer. v Jamaica Water Supply Co.,* 83 AD2d 427, 430). Thus, an essential element of an insurer's right to recoup first-party benefits is that the party from whom such recoupment is sought is a noncovered person. We note that Special Term misconstrued the statute by holding that the noncovered person must be the party to whom first-party benefits were paid. The requirement instead is that the party against whom the insured would have a cause of

action for personal injuries be a noncovered person. In the instant case, the complaint fatally omits any allegation that the defendants, from whom the plaintiff seeks to recoup first-party benefits, were in fact noncovered persons. Accordingly, the defendants' motion to dismiss the complaint for failure to state a cause of action was properly granted. Mollen, P. J., Titone, Gulotta and Bracken, JJ., concur.