■ WILFREDO CONCEPTION et al., Respondents, v HEW CAB CORP. et al., Appellants.—In an action by Travelers Indemnity Company to recover first-party benefits paid pursuant to a policy issued by it, defendants appeal from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated August 22, 1984, as, upon granting their motion to dismiss the complaint, permitted Travelers to file for arbitration nunc pro tunc.

Order reversed, insofar as appealed from, on the law, with costs, and the provision allowing Travelers to file for arbitration nunc pro tunc is deleted.

The appropriate forum for Travelers to seek reimbursement of first-party benefits was arbitration (Insurance Law § 5105 [b], formerly Insurance Law § 674 [2]). Such a proceeding had

to be commenced within three years of the accrual of its claim *(see, City of Syracuse v Utica Mut. Ins. Co.,* 83 AD2d 116, 119, *affd* 61 NY2d 691; *State Farm Mut. Auto. Ins. Co. v Regional Tr. Serv.,* 79 AD2d 858; *Transamerica Ins. Co. v Lumbermen's Cas. Ins. Co.,* 77 AD2d 5, *lv denied* 53 NY2d 602). Travelers did not timely file for arbitration and, upon granting defendants' motion to dismiss the action, the court improperly permitted such filing nunc pro tunc. Lazer, J. P., Thompson, O'Connor, Rubin and Kunzeman, JJ., concur.