■ DEAN FOWLER et al., Plaintiffs, v PEBBLE HILL BUILDING CORPORATION et al., Defendants. (Action No. 1.) AMICA MUTUAL INSURANCE COMPANY, as Subrogee of DEAN FOWLER et

al., Appellant, v PEBBLE HILL BUILDING CORPORATION et al., Respondents, et al., Defendants. (Action No. 2.)—In action No. 2, by an insurer to recover, as the subrogee of its insureds Dean and Charlotte Fowler, amounts it has paid or may be required to pay to them, as a result of the negligence of the defendants, the plaintiff Amica Mutual Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (De Luca, J.), entered August 1, 1984, as granted that branch of the cross motion of the defendant Pebble Hill Building Corporation which was for summary judgment dismissing the complaint as against it, and which granted the application of the defendants David Barrows and David Barrows, Inc., for summary judgment dismissing the complaint as against them.

Order modified, on the law, so as to provide that the cross motion and application are denied insofar as they are addressed to that portion of the complaint which seeks recovery for additional personal injury protection and property damage benefits which have actually been paid to Dean Fowler and are granted with respect to so much of the complaint as seeks to recover for mandatory personal injury protection benefits and prospective additional personal injury protection and property damage benefits from the respondents. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Suffolk County, for determination of the motion of the defendants David Barrows and David Barrows, Inc., to consolidate action No. 2 with action No. 1 and the motion of the defendant Pebble Hill Building Corporation which was to dismiss action No. 1, as against it for lack of personal jurisdiction.

As Amica Mutual Insurance Company (the plaintiff in action No. 2) concedes on this appeal, Special Term correctly held that with respect to the benefits mandated by law (Insurance Law § 5103 [a]), it has only a lien against any recovery by its insureds from a noncovered person and, since its insureds have commenced an action for such a recovery within the prescribed period, it may not maintain a direct action against the alleged tort-feasors to recover these benefits *(see,* Insurance Law § 5104 [b]; *Country-Wide Ins. Co. v 3-M Prod. Sales,* 96 AD2d 569). The insurer's recovery of benefits paid to its insured Dean Fowler pursuant to an additional personal injury protection provision is not so restricted, however, and to the extent that it has actually paid such benefits *(see, Ross v Pawtucket Mut. Ins. Co.,* 13 NY2d 233; *Glens Falls Ins. Co. v Wood,* 8 NY2d 409, 412; *American Sur. Co. v Diamond,* 1

NY2d 594, 598), it may maintain an action for their recovery as subrogee of its insureds *(Aetna Cas. & Sur. Co. v Jackowe, 96 AD2d 37, 44).* With respect to the property damage benefits paid, the insurer is also subrogated to the rights of its insureds *(Hamilton Fire Ins. Co. v Greger,* 246 NY 162) and likewise may sue the tort-feasor to recover benefits actually paid. Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.