■ FEDERAL INSURANCE COMPANY, as Subrogee of ANTHONY CAPRARO, Appellant, v JOHN D. HANSEN, Respondent.—Order of the Supreme Court, Westchester County (Lucille Polk Buell, J.), entered September 8, 1988, which, upon reargument, adhered to a prior determination granting the defendant's motion for summary judgment dismissing the complaint on the ground that Insurance Law § 5105 (b) required the arbitration of plaintiff's claim, unanimously modified, on the law, to the extent of denying defendant's motion for summary judgment and reinstating the complaint, and otherwise affirmed, with costs.

As should have been clear from the complaint, plaintiff subrogee seeks to recover amounts paid by it to its insured under the additional personal injury protection indorsement of the insured's policy. Accordingly, the claim is not barred by Insurance Law § 5105 (b). Insurance Law § 5105 (b) requires arbitration of claims between insurers for first-party benefits. It has no application where, as here, the claim is for amounts paid by the insurer for additional personal injury protection, i.e., amounts in excess of first-party benefits (see, Aetna Cas. & Sur. Co. v Jackowe, 96 AD2d 37; Fowler v Pebble Hill Bldg. Corp., 120 AD2d 486; State Farm Mut. Auto. Ins. Co. v La Forte, 125 AD2d 563). Concur—Murphy, P. J., Rosenberger, Asch, Smith and Rubin, JJ.

■ MEDIA SOUND, INC., et al., Appellants, v MARYLAND CASUALTY INSURANCE COMPANY et al., Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about July 6, 1989, which denied plaintiffs' motion to vacate a default judgment entered in favor of defendants, unanimously affirmed, without costs.

Although courts favor the determination of actions on the merits (see, N & J Foods v Shopwell Plaza Corp., 63 AD2d 899), this will not justify vacating a default judgment where the moving party fails to satisfy the two-prong burden of showing merit to the action and a reasonable excuse for the default (Eisenstein v Rose, 135 AD2d 369, 370).

Counsel for plaintiffs has failed to set out reasonable excuses for the default or for the 11-month delay in moving to open the default. Moreover, as to the merit of the action, plaintiffs' conclusory allegations are unclear as to whether the claimed loss stated was covered by the insurance policy in question. Concur—Murphy, P. J., Carro, Milonas and Ellerin, JJ.