■ In the Matter of BRINKS, INC., Respondent, v COMMERCIAL UNION INSURANCE COMPANY, Appellant. [629 NYS2d 777] —In a proceeding pursuant to CPLR 7503 (b) to stay arbitration, Commercial Union Insurance Company appeals from an order of the Supreme Court, Nassau County (Kohn, J.), entered May 23, 1995, which granted the petition. The notice of appeal from the decision dated September 27, 1993 is deemed a premature notice of appeal from the order *(see,* CPLR 5520 [c]).

Ordered that the order is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the parties are directed to proceed to arbitration.

On May 19, 1989, the appellant's insured was injured when his automobile was struck by a vehicle owned by the petitioner. The appellant paid benefits to its insured totalling approximately $90,000, $50,000 of which represented first-party benefits under the no-fault law *(see,* Insurance Law § 5105). Shortly before the Statute of Limitations expired, the appellant commenced an action against the petitioner, a self-insurer, to recover the full amount of the benefits paid. As an affirmative defense, the petitioner asserted that arbitration was the sole remedy for an insurer seeking to recover first-party benefits from another carrier pursuant to Insurance Law § 5105. The appellant subsequently sought to submit the case

to arbitration and the petitioner commenced this proceeding to stay arbitration on the grounds that the applicable three-year Statute of Limitations had expired and that the portion of the claim in excess of $50,000 was not subject to arbitration.

The appellant moved in the plenary action for leave to amend its complaint to reduce its ad damnum clause to include only the amount exceeding $50,000, conceding that the first $50,000 of its claim was subject to mandatory arbitration pursuant to Insurance Law § 5105 (b). In opposition to the petition, the appellant contended that the Statute of Limitations applicable to its arbitration claim had been tolled as of the date it commenced the plenary action pursuant to an Insurance Department regulation which provides, in relevant part: "[I]f a matter within the compulsory provisions of this section is inadvertently placed in litigation, the discontinuance of such litigation for the purpose of arbitration will be considered as a submission to arbitration with regard to the applicable tort statute of limitations as of the date such litigation was instituted" (11 NYCRR 65.10 [d] [5]).

The Supreme Court granted the appellant's motion to amend the complaint. Thereafter, the court granted the petition, finding that 11 NYCRR 65.10 (d) (5) did not apply because the appellant had not discontinued its litigation. We disagree.

The appellant inadvertently placed its entire claim in litigation. By reducing its ad damnum clause, the appellant, in effect, discontinued that portion of its claim which was subject to mandatory arbitration. A contrary conclusion would require an insurer, who had timely commenced litigation, to relinquish its right to seek recovery for excess benefits paid by discontinuing its entire action so that it could proceed to arbitration on a portion of its claim. Such a result is not in accordance with the obvious intent of the regulation.

Consequently, the submission of the appellant's claim to arbitration was timely as it related back to the date the litigation was commenced. The appellant can proceed to arbitration on its claim to recover the first-party benefits paid to its insured and is entitled to seek recovery of the excess amount in the plenary action, as the subrogee of its insured (see, Federal Ins. Co. v Hansen, 162 AD2d 224; Fowler v Pebble Hill Bldg. Corp., 120 AD2d 486).

We note that in the case relied on by the Supreme Court, Conception v Hew Cab Corp. (114 AD2d 880), the plaintiff did not raise the issue of the applicability of 11 NYCRR 65.10 (d) (5). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.