■ In the Matter of Liberty Mutual Insurance Company, Respondent, v State Farm Mutual Automobile Insurance Company, Appellant. [696 NYS2d 505] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Suffolk County (Jones, J.), dated September 24, 1998, which granted the petition.

Ordered that the order is affirmed, with costs.

On November 26, 1989, the insureds of the appellant insurance carrier State Farm Mutual Automobile Insurance Company (hereinafter State Farm) were involved in an automobile accident. By summons and complaint dated October 26, 1992, State Farm sought to recover from the owner of the other vehicle $15,433.46 "additional injury protection benefits" it had paid to its insureds. Thereafter, on April 30, 1998, State Farm served on the respondent Liberty Mutual Insurance Company (hereinafter Liberty Mutual) a petition seeking to arbitrate a claim for $15,433.46 of "personal injury protection benefits" it had paid to its insureds as a result of the accident. The Supreme Court properly stayed the arbitration on the ground that the three-year Statute of Limitations to recover first-party benefits had expired (see, Matter of MVAIC v Aetna Cas. & Sur. Co., 89 NY2d 214, 221; Matter of Budget Rent-A-Car [State Ins. Fund], 237 AD2d 153; City of Syracuse v Utica Mut. Ins. Co., 83 AD2d 116, 118-121, affd 61 NY2d 691). State Farm failed to demonstrate that it had timely interposed a claim for first-party benefits in its litigation against the insureds of Liberty Mutual. Therefore, it was not entitled to the benefit of 11 NYCRR 65.10 (d) (5) (i), which would permit arbitration on the issue of first-party benefits to go forward where initially a claim

for such benefits was timely but mistakenly placed in litigation rather than made the subject of an arbitration (*cf., Matter of Brinks, Inc. v Commercial Union Ins. Co.,* 217 AD2d 620). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.