■ In the Matter of CITY OF LONG BEACH, Respondent, v STATE FARM INSURANCE COMPANIES, Appellant. [833 NYS2d 911]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from an order of the Supreme Court, Nassau County (Brandveen, J.), dated May 24, 2006, which granted the petition.

Ordered that the order is reversed, on the law, with costs, and the petition is denied.

On July 29, 2002 an insured of State Farm Insurance Companies (hereinafter State Farm) was in a vehicle which was struck by a vehicle owned by the City of Long Beach (hereinafter Long Beach). State Farm paid its insured no-fault benefits. State Farm then sought to recover such benefits from Long Beach's insurer, Specialty National Insurance Company (hereinafter Specialty National), initiating arbitration pursuant to Insurance Law § 5105. In response, Long Beach commenced this proceeding to permanently stay the arbitration. State Farm appeals from the order of the Supreme Court granting the petition. We reverse.

An arbitration proceeding pursuant to Insurance Law § 5105 is to be commenced within three years of the accrual of an insurer's claim (*see Conception v Hew Cab Corp.*, 114 AD2d 880, 880-881 [1985]; *see also Matter of Pacific Ins. Co. v State Farm Mut. Auto. Ins. Co.*, 150 AD2d 455, 456 [1989]; *cf. Matter of Liberty Mut. Ins. Co. v State Farm Mut. Auto. Ins. Co.*, 265 AD2d

412 [1999]). Here, pursuant to Insurance Law § 5105, State Farm initiated arbitration approximately two years after the subject accident and, thus, well before the expiration of the applicable limitations period (see CPLR 214 [2]). Therefore, the Supreme Court improperly granted Long Beach's petition based on the application of the one-year and 90-day statute of limitations of General Municipal Law § 50-i.

Long Beach's remaining contentions are without merit. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.