Moncion v AA Maintenance Enter. Inc. (2021 NY Slip Op 50866(U))

[*1]

Moncion v AA Maintenance Enter. Inc.

2021 NY Slip Op 50866(U) [72 Misc 3d 142(A)]

Decided on September 16, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 16, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570699/19

Betty Moncion, Plaintiff-Appellant, 
against
AA Maintenance Enterprise Inc.,
Defendant-Respondent.

Plaintiff appeals from (1) an order of the Civil Court of the City of New York, New York
County (Carolyn Walker-Diallo, J.), entered October 4, 2018, which dismissed the action for
failure to appear at trial, and (2) an order of the same court (Jose A. Padilla, Jr., J.), entered
January 21, 2020, which denied her motion to vacate the dismissal of the action.

Per Curiam.
Order (Jose A. Padilla, Jr., J.) entered January 21, 2020, affirmed, without costs. Appeal
from order (Carolyn Walker-Diallo, J.), entered October 4, 2018, dismissed, without costs, as
nonappealable (see CPLR 5511).
The action was dismissed as a result of plaintiff's nonappearance for trial (see 22
NYCRR § 208.14 [b] [2]), notwithstanding that the case was marked final for trial
following two prior adjournments. In this posture, we find no abuse of discretion in the denial of
plaintiff's vacatur motion. Plaintiff's unsubstantiated assertion regarding a subway delay was
inadequate (see Matter of Clifford J., 238 AD2d 244 [1997], particularly given the
repeated delays in the prosecution of this action, including an 11-month delay in moving to open
the instant default (see Media Sound v Maryland Cas. Ins. Co., 162 AD2d 224 [1990]).
Even assuming plaintiff showed a reasonable excuse for the default, she failed to demonstrate a
meritorious cause of action (see Fink v Antell, 19 AD3d 215 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 16, 2021